NOT DESIGNATED FOR PUBLICATION

No. 115,480

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GILBERT C. KNESS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Osage District Court; PHILLIP M. FROMME, judge. Opinion filed April 7, 2017. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Brandon L. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and GARDNER, JJ.

*Per Curiam*: Arguing that two subparagraphs of the law establishing postrelease supervision conflict, Gilbert C. Kness asks us to overturn the district court's order placing him on lifetime postrelease supervision. We reject his claim that the two provisions conflict and affirm the district court's ruling.

The court convicted Kness in April 2009 of one count of aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(1)—a sexually violent offense. The crime occurred in December 2008. The court sentenced Kness to a 59-month prison sentence followed by 36 months of postrelease supervision.

1

Then, in 2015, the State moved to correct an illegal sentence. The State argued that K.S.A. 2011 Supp. 22-3717(d)(1)(G) required a term of lifetime postrelease supervision for crimes committed after July 1, 2006. In the State's view, Kness' postrelease supervision period of 36 months was an illegal sentence for not conforming to the statute. The district court granted the State's motion and imposed lifetime postrelease supervision.

To us, Kness argues that as a result of the legislature amending the law in 2013, a conflict between two provisions of the statute has developed and the 36-month term is a legal sentence. Therefore, the court had no jurisdiction to modify his sentence. We remain unconvinced.

*A review of several fundamental principles is helpful.*

A court may correct an illegal sentence at any time. K.S.A. 22-3504(1). Whether a sentence is illegal is a question of law over which this court exercises unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). A sentence may be found to be illegal in three ways:

- a sentence imposed by a court without jurisdiction;
- a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or
- a sentence that is ambiguous with respect to the time and manner in which it is to be served.

Additionally, the interpretation of a sentencing statute is a question of law and this court exercises unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

As Kness frames it, the question before us is whether Kness' original term of 36 months' postrelease supervision conformed to the law. If it did, then the court had no jurisdiction 6 years later to modify his sentence. See *State v. Hall,* 298 Kan. 978, 983, 319 P.3d 506 (2014). If it did not conform, then, by virtue of K.S.A. 22-3504(1), the court had authority to correct the sentence. We now examine Kness' argument more closely.

Indeed, the legislature amended K.S.A. 22-3717(d) in 2013. See L. 2013, ch. 133, § 13. It modified K.S.A. 22-3717(d)(1)(D) to direct that the length of postrelease supervision shall be based on the severity of the crime of conviction and that the convicted person: "shall serve the period of postrelease supervision as provided in subsection (d)(1)(A) [severity levels 1-4], (d)(1)(B) [severity levels 5-6] or (d)(1)(C) [severity levels 7-10]." In Kness' opinion, that 2013 amendment created a conflict between K.S.A. 2015 Supp. 22-3717(d)(1)(D) and K.S.A. 2015 Supp. 22-3717(d)(1)(G). That provision states: "Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2015 Supp. 22-3717(d)(1)(G).

Because of this claimed conflict, Kness argues his 36-month postrelease supervision term is actually a legal sentence under K.S.A. 2015 Supp. 22-3717(d)(1)(D) and, therefore, the district court did not have authority to modify the judgment.

We find no conflict in the provisions because Kness' argument ignores the wording of the statute. Subsection (d)(1) excludes application of the statute to "persons subject to subparagraph (G) . . . ." The 2013 amendments did not alter that opening statement of the law, and subparagraph (G) of the statute remains unchanged.

3

A similar argument has been rejected by this court in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *petition for rev. filed* December 19, 2016. The *Herrmann* court analyzed the same statutory provisions which Kness argues are ambiguous. To the contrary, it held K.S.A. 2015 Supp. 22-3717(d)(1)(D) only applied to persons who were convicted of sexually violent crimes after July 1, 1993, *but before* July 1, 2006. 53 Kan. App. 2d 147, Syl. ¶ 5. Furthermore, the court held the 2013 amendments did not alter the statutory requirement to sentence a person who committed a sexually violent offense after July 1, 2006, to lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G). 53 Kan. App. 2d 147, Syl. ¶ 4. There is no conflict or ambiguity in the sentencing scheme, because "[t]here are no persons convicted of a sexually violent crime to whom both subparagraph K.S.A. 2015 Supp. 22-3717(d)(1)(D) and subparagraph K.S.A. 2015 Supp. 22-3717(d)(1)(G) apply." 53 Kan. App. 2d 147, Syl. ¶ 6.

Other panels of this court have recently adopted the reasoning in *Herrmann*. See *e.g.*, *State v. Rothstein*, No. 114,749, 2016 WL 7031921, at *2 (Kan. App. 2016) (unpublished opinion).

We find the reasoning in *Herrmann* to be sound, and we apply that analysis to the facts of this case. Kness was convicted of a sexually violent offense—aggravated indecent liberties with a child. See K.S.A. 2015 Supp. 21-3717(d)(5)(C). The offense was committed on December 23, 2008, and Kness was convicted on April 20, 2009. Based upon the date of Kness' offense, only K.S.A. 2015 Supp. 22-3717(d)(1)(G) and not K.S.A. 2015 Supp. 22-3717(d)(1)(D) applies to him. See *Herrmann*, 53 Kan. App. 2d 147, Syl. ¶ 4.

The original postrelease supervision term of 36 months did not comport with the law and was an illegal sentence. See *Moncla*, 301 Kan. at 551. The district court did not err in correcting the illegal sentence and imposing lifetime postrelease supervision.

Affirmed.