No. 114,887

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JON T. HERRMANN,
*Appellant*.

SYLLABUS BY THE COURT

1.

The trial court does not have jurisdiction to modify a legal sentence once it is pronounced from the bench. The court can modify an illegal sentence at any time. Whether a sentence is illegal is a question of law over which an appellate court has unlimited review.

2.

An illegal sentence is (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.

3.

The mandatory postrelease supervision provisions in K.S.A. 2015 Supp. 22-3717(d)(1) apply to all persons sentenced for crimes committed on or after July 1, 1993, except persons sentenced for off-grid crimes committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in K.S.A. 2015 Supp. 22-3717(d)(1)(G).

1

4.

The 2013 amendments to K.S.A. 22-3717(d)(1)(D) do not alter the requirement in K.S.A. 22-3717(d)(1)(G) that a person convicted of a sexually violent crime after July 1, 2006, receive lifetime postrelease supervision.

5.

K.S.A. 2015 Supp. 22-3717(d)(1)(D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006.

6.

There are no persons convicted of a sexually violent crime to whom both subparagraph K.S.A. 2015 Supp. 22-3717(d)(1)(D) and subparagraph K.S.A. 2015 Supp. 22-3717(d)(1)(G) apply.

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed November 18, 2016. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., STANDRIDGE, J., and HEBERT, S.J.

STANDRIDGE, J.:  Jon T. Herrmann entered a plea of no contest to one count of attempted aggravated indecent liberties with a child, a severity level 6 person felony, on April 16, 2012. The district court subsequently sentenced Herrmann to a term of 24 months' imprisonment and 24 months' postrelease supervision. The State later discovered that the period of postrelease supervision imposed by the district court at sentencing was illegal because it did not conform to K.S.A. 2011 Supp. 22-3717(d)(1)(G), which mandates lifetime postrelease supervision for persons convicted of a sexually violent

2

crime. As such, the State filed a motion to correct an illegal sentence. The court ultimately granted the State's motion and resentenced Herrmann to lifetime postrelease supervision.

On appeal, Herrmann claims the district court did not have jurisdiction to resentence him to lifetime postrelease supervision because at the time the court resentenced him, his original sentence of 24 months' postrelease supervision was legal and the court does not have jurisdiction to modify a legal sentence. Herrmann relies on the 2013 amendments to K.S.A. 22-3717 to support his claim. First, he argues the 2013 amendments to K.S.A. 22-3717(d)(1)(D) retroactively eliminate the mandatory nature of lifetime postrelease supervision in K.S.A. 22-3717(d)(1)(G) for a person convicted of a sexually violent crime by giving the court an option to impose a term of months based on the severity level of the sexually violent crime of conviction. Alternatively, Herrmann argues the 2013 amendments to K.S.A. 22-3717(d)(1)(D) render the entire (d)(1) subsection ambiguous because the provisions of subparagraphs (D) and (G) directly conflict with each other:  both apply to persons who are convicted of sexually violent crimes but require different terms of postrelease supervision. Based on this conflict, Herrmann argues the court should have applied the rule of lenity and imposed the lesser of the two postrelease supervision terms.

Contrary to Herrmann's arguments, the 2013 amendments to K.S.A. 22-3717(d)(1)(D) do not alter the requirement in K.S.A. 22-3717(d)(1)(G) that a person convicted of a sexually violent crime after July 1, 2006, receive lifetime postrelease supervision. Most significantly, subparagraph (D) falls under subsection (d)(1), which by its express terms does not apply to persons who are subject to subparagraph (G). Moreover, subparagraph (D) does not conflict with subparagraph (G) because each of those provisions apply to different persons. As explained in more detail below, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply.

3

Herrmann claims the district court erred in granting the State's motion to correct an illegal sentence because his original sentence of 24 months' postrelease supervision was legal and not subject to modification when the court granted the State's motion. The trial court does not have jurisdiction to modify a legal sentence once it is pronounced from the bench. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). The court does, however, have jurisdiction to modify an illegal sentence and can do so at any time. K.S.A. 22-3504(1). Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). Our Supreme Court has defined "illegal sentence" under K.S.A. 22-3504 as:

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]'" 301 Kan. at 551.

Herrmann argues the sentence of lifetime postrelease supervision is illegal under the second factor because it does not conform to subparagraph (D) of K.S.A. 2015 Supp. 22-3717(d)(1), which he asserts is the applicable statutory provision. Herrmann contends the post-2013 version of subparagraph (D) retroactively eliminates the statutory requirement that courts impose lifetime postrelease supervision for those convicted of sexually violent crimes. In response to Herrmann's argument, the State argues lifetime postrelease supervision readily conforms to the applicable statutory provision, which it asserts is subparagraph (G) of K.S.A. 2015 Supp. 22-3717(d)(1). The State argues the concise and unambiguous language set forth in subparagraph (G) clearly reflects the legislature's intent that lifetime postrelease supervision be imposed for all persons convicted of sexually violent crimes. Given the dispute between the parties, we first must decide which statutory provision within K.S.A. 2015 Supp. 22-3717(d)(1) is applicable to Herrmann's case for purposes of imposing postrelease supervision before we can decide

4

whether the lifetime postrelease supervision ordered conformed to that applicable statutory provision.

Interpretation of statutes is a question of law subject to de novo review. *State v. Morningstar*, 299 Kan. 1236, 1246, 329 P.3d 1093 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). When construing a statute to determine legislative intent, appellate courts must consider various provisions of the statute in pari materia in order to reconcile and bring the provisions into workable harmony if possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016); *State v. Swazey*, 51 Kan. App. 2d 999, 1003, 357 P.3d 893 (2015) (explaining that courts must determine if there is any way to construe seemingly conflicting provisions in a way that renders them compatible rather than contradictory). Furthermore, this court must construe statutes to avoid unreasonable or absurd results, and it presumes that the legislature did not intend to enact meaningless legislation. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014).

Generally, the crime and penalty in existence at the time of the offense are controlling, except where the legislature has given retroactive effect to statutory changes made after the commission of the crime. *State v. Van Cleave*, 239 Kan. 117, 122, 716 P.2d 580 (1986). At the time of Herrmann's offense, K.S.A. 2011 Supp. 22-3717(d)(1)(G) required that persons who committed a sexually violent crime after July 1, 2006, be sentenced to lifetime postrelease supervision. Attempted aggravated indecent liberties with a child was defined as a sexually violent crime under K.S.A. 2011 Supp. 22-3717(d)(2)(C) and (d)(2)(K). Herrmann does not contest that under K.S.A. 2011 Supp. 22-3717(d)(1)(G), as it existed at the time of his crime, he was subject to lifetime postrelease supervision.

5

Rather, Herrmann argues that the 2013 amendments to K.S.A. 22-3717(d)(1) changed the law regarding postrelease supervision as it applies to persons sentenced for sexually violent crimes and that those changes apply retroactively to his case. He contends that new language in subparagraph (D) expressly applies to persons convicted of sexually violent crimes and directs the court to impose a term of postrelease supervision based on the severity level of the offense. Herrmann notes that the new language in subparagraph (D) requires 24 months' postrelease supervision for severity level 6 offenders like him, plus any good-time or program credit earned and retained.

Herrmann acknowledges that the 2013 amendments to subparagraph (D) directing a term postrelease supervision based on severity level of the sexually violent crime committed did not modify subparagraph (G), which requires lifetime postrelease supervision for persons convicted of sexually violent crimes after July 1, 2006. Nevertheless, Herrmann asserts this fact is not fatal to his claim that the current subparagraph (D) controls his term of postrelease supervision. In support of this assertion, Herrmann claims the 2013 amendments to subparagraph (D) effectively created an option for courts to choose between when imposing postrelease supervision for persons convicted of sexually violent crimes: subparagraph (D) provides a term of months depending on the severity level of the crime, plus any good-time or program credits accrued while in prison, while subparagraph (G) requires lifetime postrelease supervision. In light of these two options, Herrmann asserts the original 24-month term of postrelease supervision imposed was legal after the 2013 amendments became effective because it conformed to one of the two applicable statutory provision options.

K.S.A. 2015 Supp. 22-3717(d), which incorporates the 2013 amendments relied on by Herrmann in his argument, states in relevant part:

> "(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole,

but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:

(A) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 1 through 4 crimes, drug severity levels 1 and 2 crimes committed on or after July 1, 1993, but prior to July 1, 2012, and drug severity levels 1, 2 and 3 crimes committed on or after July 1, 2012, must serve 36 months on postrelease supervision.

(B) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 5 and 6 crimes, drug severity level 3 crimes committed on or after July 1, 1993, but prior to July 1, 2012, and drug severity level 4 crimes committed on or after July 1, 2012, must serve 24 months on postrelease supervision.

(C) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 7 through 10 crimes, drug severity level 4 crimes committed on or after July 1, 1993, but prior to July 1, 2012, and drug severity level 5 crimes committed on or after July 1, 2012, must serve 12 months on postrelease supervision.

(D) Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717, and amendments thereto, a sexually motivated crime in which the offender has been ordered to register pursuant to subsection (d)(1)(D)(vii) of K.S.A. 22-3717, and amendments thereto, electronic solicitation, K.S.A. 21-3523, prior to its repeal, or K.S.A. 2015 Supp. 21-5509, and amendments thereto, or unlawful sexual relations, K.S.A. 21-3520, prior to its repeal, or K.S.A. 2015 Supp. 21-5512, and amendments thereto, shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C) plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2015 Supp. 21-6821, and amendments thereto, on postrelease supervision.

. . . .

(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life."

We find the plain language of the statute clearly decides the issue presented. Subsection (d)(1) explains that persons sentenced for crimes committed after July 1,

1993, will not be eligible for parole; instead, they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow *do not apply* to "persons subject to subparagraph (G)." Subparagraph (G) provides that "persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." Herrmann was convicted of attempted aggravated indecent liberties with a child, which is a sexually violent crime under subsection (d)(5)(C) and (d)(5)(M). His conviction occurred after July 1, 2006. Because Herrmann is subject to subparagraph (G), no other subparagraph following subsection (d)(1) applies to him—including subparagraph (D).

As an alternative to the "two option" argument above, Herrmann asserts K.S.A. 2015 Supp. 22-3717(d)(1) is ambiguous because the provisions of subparagraphs (D) and (G) directly conflict with each other on the proper term of postrelease supervision to impose: one provides for a term of months based on severity level of the sexually violent crime and the other requires a lifetime term. Herrmann argues that the rule of lenity should resolve the ambiguity in his favor by imposing the lesser of the two postrelease supervision terms. We disagree. The provisions in each subparagraph apply to a distinct class of persons. K.S.A. 22-3717 as a whole applies to all persons convicted of a crime after July 1, 1993. See L. 1992, ch. 239, sec. 270 ("Persons sentenced for crimes committed on or after July 1, 1993, will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence."). Subparagraph (G) was added to the statute in 2006 to create an explicit exception applicable only for "persons convicted of a sexually violent crime committed on or after July 1, 2006." See L. 2006, ch. 212, sec. 19 (also adding language to [d][1] excepting "persons subject to subparagraph [G]"). Reading subparagraph (D) in pari materia, it falls under subsection (d)(1) and so applies to all persons but those expressly

excluded: persons sentenced for off-grid crimes committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G). Therefore, subparagraph (D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. Thus, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply. Construing the statute as a whole and giving effect to all of the statutes, as this court must, there is no conflict or ambiguity in amended subsection (d)(1).

The legislative history of the 2013 amendments confirms that the new language in subparagraph (D) was not intended to create a conflict with subparagraph (G). Instead, the changes were actually meant to maintain the same term of postrelease supervision for certain offenders, including persons who committed a sexually violent offense between July 1, 1993, and June 30, 2006, despite changes to reduce postrelease supervision generally. Prior to 2013, subparagraphs (A)-(C) assigned either 36, 24, or 12 months' postrelease supervision, respectively, "plus the amount of good time and program credit earned and retained." See, *e.g.*, K.S.A. 2012 Supp. 22-3717(d)(1)(A)-(C). The 2013 amendments deleted the language pertaining to good-time and program credits from subparagraphs (A)-(C)—in effect, reducing the length of postrelease supervision sentences by not requiring those credits to be added to a person's postrelease term. But the legislature did not want to provide that same benefit for persons convicted of certain crimes, including sexually violent crimes. So, the legislature also amended subparagraph (D) to provide an exception for persons convicted of sexually violent crimes so that earned good-time and program credits continued to be added to their postrelease supervision period. L. 2013, ch. 133, sec. 13. In a nutshell, the postrelease supervision calculation for persons convicted of a sexually violent crime between July 1, 1993, and June 30, 2006, remained the same as it was prior to the 2013 amendments.

The analysis above is a straightforward reading of K.S.A. 2015 Supp. 22-3717(d)(1) as a whole in which subparagraphs (D) and (G) are read in a workable harmony, without assuming the legislature intended to enact contradictory or meaningless provisions. See *Keel*, 302 Kan. at 574. The plain language of subsection (d)(1) provides an exception for persons convicted of a sexually violent crime for an offense after July 1, 2006, in subparagraph (G). Herrmann committed his sexually violent offense after July 1, 2006; therefore, he is subject only to subparagraph (G). Because subparagraph (D) does not apply to him, there is no need to determine whether the amended provision would apply retroactively to his case.

For the reasons stated above, we conclude Herrmann's 24-month term of postrelease supervision remained an illegal sentence after the 2013 amendments to K.S.A. 22-3717(d)(1) because the sentence did not conform to the only statutory provision that applied to Herrmann's conviction. Accordingly, the district court did not err in resentencing Herrmann to lifetime postrelease supervision under subparagraph (G).

Affirmed.