NOT DESIGNATED FOR PUBLICATION

No. 115,010

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MITCHELL W. KILGORE II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Greenwood District Court; DAVID A. RICKE, judge. Opinion filed February 24, 2017. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*:  Mitchell W. Kilgore II was convicted of aggravated indecent liberties with a child and rape in 2008. In addition to a number of years in prison, Kilgore was sentenced to 36 months' postrelease supervision. In 2015, the State filed and the district court granted a motion to correct an illegal sentence that modified the period of postrelease supervision from 36 months to the duration of Kilgore's life. Kilgore now appeals.  Because we find that Kilgore's 36-month sentence was illegal and Kansas statutes require that a person convicted of a sexually violent crime after 2006 be subject to lifetime postrelease supervision, the district court's decision is affirmed.

1

Kilgore was charged with two counts of aggravated indecent liberties with a child and two counts of rape for acts that occurred between April and June 2008. Kilgore pled guilty to one count each of aggravated indecent liberties with a child and rape in exchange for the remaining two charges being dropped. Kilgore received a departure sentence of 155 months in prison followed by 36 months' postrelease supervision.

In May 2015, the State filed a motion to correct an illegal sentence seeking to modify Kilgore's period of postrelease supervision from 36 months to life. The district court granted the motion. Kilgore now appeals.

ANALYSIS

Kilgore argues that the district court erred when it granted the State's motion to correct an illegal sentence and modified his term of postrelease supervision from 36 months to lifetime. Whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). To the extent that Kilgore's appeal requires this court to engage in statutory interpretation, such review is also unlimited. *State v. Morningstar*, 299 Kan. 1236, 1246, 329 P.3d 1093 (2014).

Kilgore argues that if his sentence is subject to modification based on retroactively applied statutory amendments, recent amendments to K.S.A. 22-3717 create a conflict between K.S.A. 2015 Supp. 22-3717(d)(1)(D) and (d)(1)(G). Kilgore contends that as a result of the conflict, the district court now has discretion to impose either 36 months or lifetime postrelease supervision on offenders who commit sexually violent crimes. Because either sentence is legal, Kilgore maintains that his original 36-month sentence

2

conformed to the current statute so that the district court lacked jurisdiction to modify it, thus rendering the new sentence illegal.

Since the briefs were filed in this case, this court decided *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016). There, this court resolved the precise issue raised by Kilgore. Herrmann made the same argument Kilgore now makes, that the 2013 amendment to K.S.A. 22-3717 gave district courts an option to choose between sentencing offenders convicted of sexually violent crimes to either 36 months or lifetime postrelease supervision. Interpreting K.S.A. 2015 Supp. 22-3717, this court concluded:

> "[T]he plain language of the statute clearly decides the issue presented. Subsection (d)(1) explains that persons sentenced for crimes committed after July 1, 1993, will not be eligible for parole; instead, they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow *do not apply* to 'persons subject to subparagraph (G).'" 53 Kan. App. 2d at 152.

The court went on to explain:

> "Reading subparagraph (D) in pari materia, it falls under subsection (d)(1) and so applies to all persons but those expressly excluded:  persons sentenced for off-grid crimes committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G). Therefore, subparagraph (D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. Thus, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply." 53 Kan. App. 2d at 153.

We agree. Kilgore committed the crimes for which he was convicted between April and June 2008. At that time, K.S.A. 22-3717(d)(1) read:  "Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject

to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows." Subparagraph (D) gave district courts the option of extending the period of postrelease supervision for individuals convicted of "sexually motivated" crimes. K.S.A. 22-3717(d)(1)(D). Subparagraph (G) then mandated that offenders convicted of a "sexually violent crime" that was committed after July 1, 2006, receive lifetime postrelease supervision. K.S.A. 22-3717(d)(1)(G). Among the crimes considered to be sexually violent, the statute listed rape and aggravated indecent liberties with a child. K.S.A. 22-3717(d)(1)(G)(2)(A), (C).

Based on the statute that was in effect at the time Kilgore was sentenced, his sentence of 36 months' postrelease supervision was illegal from the start. Neither the 2013 nor the 2014 amendments to the statute changed it so that Kilgore's sentence is now or ever was legal. The district court's decision to grant the State's motion and resentence Kilgore to lifetime postrelease supervision is affirmed.

Affirmed.