NOT DESIGNATED FOR PUBLICATION

No. 115,107

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES ALAN PHILLIPS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed May 5, 2017. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

LEBEN, J.: Charles Alan Phillips appeals the portion of his sentence under which—after release from prison—he would be subject to lifetime postrelease supervision. The district court ordered it because of K.S.A. 2015 Supp. 22-3717(d)(1)(G), which provides that anyone convicted of a sexually violent crime after July 1, 2006, "be released to a mandatory period of postrelease supervision for the rest of the person's natural life." Phillips was convicted in 2015, so the district court applied this provision to him.

Phillips argues that his case instead should have been controlled by a 2013 statutory amendment, found in K.S.A. 2015 Supp. 22-3717(d)(1)(D), which provides fixed terms for postrelease supervision—up to 36 months—for those sentenced for certain crimes, including sexually violent crimes. That provision applies to persons sentenced for crimes "committed on or after July 1, 1993." K.S.A. 2015 Supp. 22-3717(d)(1). Phillips argues that this provision applies to him since his crimes—two rapes—were committed between 2011 and 2014.

The parties agree that the rapes Phillips committed were sexually violent crimes as that term is used in these statutes. They differ only as to whether Phillips' case is covered by the lifetime-supervision rule of K.S.A. 2015 Supp. 22-3717(d)(1)(G) or the 36-month-supervision rule of K.S.A. 2015 Supp. 22-3717(d)(1)(D).

These two provisions are subsections of a single sentencing statute, and we must consider them "in pari materia" (Latin for in the same matter) with a view toward reconciling them if possible. *State v. Keel*, 302 Kan. 560, 574, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). We also presume that the legislature does not intend for any portion of the statute to have no meaning or application. 302 Kan. at 574; *Salina Journal v. Brownback*, 54 Kan. App. 2d ___, Syl. ¶ 10, ___ P.3d ___, 2017 WL 1291704 (2017).

Here, Phillips' argument would leave the lifetime-supervision rule of subsection (G) with no cases to apply it to. In his reading, subsection (D) applies to all sexually violent crimes committed from July 1, 1993, forward—even those committed on or after July 1, 2006, where subsection (G) seems to apply.

Our court considered this problem with Phillips' argument, when made by another defendant, in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *petition for rev. filed* December 19, 2016: The *Herrmann* court concluded that the two sections could

both be read to have application, depending on the date of the offense. Subsection (D)'s limited period of postrelease supervision would apply to those sentenced for sexually violent crimes committed after July 1, 1993, but before July 1, 2006, while subsection (G)'s lifetime supervision would apply to those sentenced for sexually violent crimes committed on or after July 1, 2006. Since the *Herrmann* opinion was filed, our court has agreed with its conclusion in nine other cases. See *State v. Combs*, No. 115,638, 2017 WL 1296312, at *5-6 (Kan. App. 2017); *State v. Kness*, No. 115,480, 2017 WL 1295994, at *2 (Kan. App. 2017); *State v. Younkman*, No. 115,606, 2017 WL 1035473, at *3 (Kan. App. 2017), *petition for rev. filed* March 30, 2017; *State v. Kilgore*, No. 115,010, 2017 WL 748597, at *2 (Kan. App. 2017), *petition for rev. filed* March 20, 2017; *State v. Rose*, No. 115,490, 2017 WL 383877, at *3 (Kan. App. 2017), *petition for rev. filed* February 27, 2017; *State v. Rothstein*, No. 114,749, 2016 WL 7031921, at *2 (Kan. App. 2016), *petition for rev. filed* December 19, 2016; *State v. Fishback*, No. 114,797, 2016 WL 7031848, at *1 (Kan. App. 2016), *petition for rev. filed* January 3, 2017; *State v. Ramsey*, No. 114,795, 2016 WL 6925994, at *1 (Kan. App. 2016), *petition for rev. filed* December 19, 2016; *State v. Hill*, No. 115,041, 2016 WL 6919609, at *1 (Kan. App. 2016), *petition for rev. filed* December 21, 2016.

We too agree with the result reached in *Herrmann*. This result conforms to the plain language of subsection (G) and avoids rendering either subsection (D) or (G) meaningless.

We therefore affirm the district court's judgment.