NOT DESIGNATED FOR PUBLICATION

No. 115,340

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHITTALAT E. SANANIKONE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 9, 2017. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*: Defendant Chittalat E. Sananikone contends the Sedgwick County District Court erred in changing the period of postrelease supervision for his conviction of attempted aggravated indecent liberties with a child from 24 months to the rest of his life. He also argues that lifetime postrelease supervision amounts to categorically cruel and unusual punishment for the crime, rendering the punishment unconstitutional. We reject Sananikone's challenges and affirm the district court.

1

The State charged Sananikone with aggravated indecent liberties with a child based on an incident that occurred on September 22, 2006, and involved a 14-year-old girl who lived in his neighborhood. About 9 months later, Sananikone pleaded guilty to an amended charge of attempted aggravated indecent liberties with a child. In late 2007, the district court sentenced Sananikone to serve 136 months in prison and placed him on postrelease supervision for 24 months. In 2015, someone—it's not entirely clear from the record who—flagged the period of postrelease supervision as incorrect.

The district court held a hearing on August 14, 2015, and found that the version of K.S.A. 22-3717(d)(1)(G) in effect when Sananikone committed the crime imposed lifetime postrelease supervision for attempted aggravated indecent liberties with a child. Acting on the authority accorded district courts to correct illegal sentences at any time, as provided in K.S.A. 22-3504(1), the district court revised Sananikone's sentence to include lifetime postrelease supervision. See *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012) (illegal sentence for purposes of K.S.A. 22-3504 includes one that fails to conform to the law in character or term). Sananikone has appealed that ruling.

First, Sananikone contends the 24-month period of postrelease supervision was not an illegal sentence based on the interplay of K.S.A. 22-3717(d)(1)(B), (d)(1)(D), and (d)(1)(G). According to Sananikone, the district court, therefore, did not have the authority to act. But K.S.A. 22-3717(d)(1)(G) is the most specific provision, and it plainly imposes mandatory lifetime postrelease supervision for persons convicted of specified sex offenses, including attempted aggravated indecent liberties with a child, committed after July 1, 2006. The introductory language in K.S.A. 22-3717(d)(1) carves out subsection (d)(1)(G) from the more general provisions on postrelease supervision in subsections (d)(1)(B) and (d)(1)(D). This court considered and rejected the same argument Sananikone makes in *State v. Herrmann*, 53 Kan. App. 2d 147, 152-54, 384 P.3d 1019 (2016), *petition for rev. filed* December 19, 2016. We find the detailed analysis in *Herrmann* persuasive and readily adopt it. That disposes of Sananikone's first point.

2

Sananikone alternatively argues that lifetime postrelease entails a categorically cruel and unusual punishment for persons convicted of attempted aggravated indecent liberties with a child and, therefore, violates the Eighth Amendment to the United States Constitution. In making a categorical challenge, a criminal defendant argues a punishment to be so severe for the offense or for a broad class of offenders as to be constitutionally unacceptable in every instance. *Graham v. Florida*, 560 U.S. 48, 60-61, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010); *State v. Williams*, 298 Kan. 1075, 1086, 319 P.3d 528 (2014); *State v. Mossman*, 294 Kan. 901, 927-28, 281 P.3d 153 (2012). The Kansas Supreme Court has rejected a categorical constitutional challenge to lifetime postrelease supervision for a first-time sex offender convicted of aggravated indecent liberties with a child. *Mossman*, 294 Kan. 901, Syl. ¶ 9.

Sananikone says *Mossman* should be distinguished because the defendant there was convicted of the completed crime, while the crime of conviction here was an attempt. We do not see a sufficient legal distinction to recognize a categorical violation of the Eighth Amendment in light of *Mossman*.

Under Kansas law, an attempt entails "any overt act" by a person harboring the intent to commit a particular crime but who fails in its commission or "is prevented or intercepted" in carrying out the crime. K.S.A. 2016 Supp. 21-5301(a). There are a number of ways a person might fail to complete the crime of aggravated indecent liberties with a child, resulting in an attempt. In a categorical challenge, we are unconcerned about the particular reason the crime may have failed in a given defendant's case and ask whether the challenged punishment would be constitutionally permissible for some form of attempt. The circumstances here actually serve to illustrate how close an attempt may be to a completed act. Sananikone admitted during his guilty plea that he intended to have sexual intercourse with a 14-year-old girl and failed in doing so only because he could not insert his penis into her vagina.

A defendant, such as Sananikone, who attempts to engage in aggravated indecent liberties with a child, by definition, has the requisite bad intent or mens rea for the completed crime. So, to that extent, the defendant is indistinguishable from the defendant guilty of the completed offense. Typically, however, a defendant guilty of only an attempt faces a shorter presumptive period of imprisonment because the full harm associated with the completed crime has not come to pass. Sananikone received that sort of break, since the completed crime would have been a severity level 3 person felony, as provided in K.S.A. 21-3504, and the attempt was a severity level 5 person felony.

Postrelease supervision operates in conjunction with incarceration and serves the same overall penological objectives of retribution, deterrence, incapacitation, and rehabilitation. *Mossman*, 294 Kan. at 912. But postrelease supervision focuses more directly on rehabilitation and deterrence. The required period of postrelease supervision, therefore, links to the nature of the crime and the motive and intent that may have prompted it. In that respect, *Mossman* recognized the "'propensity of sex offenders to strike again'" and the importance of continuing supervision in preventing recidivism among those offenders released from prison. 294 Kan. at 930 (quoting *United States v. Williams*, 636 F.3d 1229, 1234 [9th Cir.], *cert. denied* 565 U.S. 856 [2011]). Those considerations are similarly applicable to offenders convicted of completed sex crimes and offenders convicted of attempts to commit those same crimes, since an identically antisocial intent animates their actions. And the court acknowledged a national consensus consistent with that sort of postrelease monitoring of convicted sex offenders. 294 Kan. at 930; see also *Williams*, 298 Kan. at 1089-90 (rejecting categorical challenge to lifetime postrelease supervision for defendant convicted of possession of child pornography); *State v. Hindman*, No. 110,261, 2014 WL 5312925, at *6-7 (Kan. App. 2014) (unpublished opinion) (rejecting categorical challenge to lifetime postrelease supervision for attempted indecent liberties with a child), *rev. denied* 302 Kan. 1015 (2015).

4

Based on that authority, we decline to find lifetime postrelease supervision to be categorically unconstitutional as punishment for attempted aggravated indecent liberties with a child.

Affirmed.