NOT DESIGNATED FOR PUBLICATION

No. 115,640

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL CANDLEY, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed June 9, 2017. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Kathleen Neff*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*: Michael Candley, Jr., pled no contest to one count of aggravated indecent liberties with a child. The trial court sentenced Candley to 59 months' imprisonment followed by lifetime postrelease supervision. Candley now appeals his sentence of lifetime postrelease supervision, arguing that the 2013 amendments to K.S.A. 22-3717 required the trial court to sentence him to 36 months' postrelease supervision. Nevertheless, this court has previously rejected this same argument regarding the 2013 amendments to K.S.A. 22-3717 in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016). Accordingly, we affirm.

1

On November 10, 2014, the State charged Candley with three counts of aggravated indecent liberties with a child, each off-grid person felonies in violation of K.S.A. 2016 Supp. 21-5506(b)(3)(A). The first two counts alleged that Candley had fondled or touched a child under the age of 14 with the "intent to arouse or satisfy the sexual desires" of either himself or the child between January 1, 2013, and June 30, 2013. The third count alleged that Candley engaged in the same conduct with a child, but the conduct occurred between April 1, 2014, and August 1, 2014. Later, at Candley's preliminary hearing, the State amended the complaint to additionally charge Candley with two counts of aggravated intimidation of a witness or victim who was under the age of 18 by threat of violence, a severity level 6 person felony in violation of K.S.A. 2016 Supp. 21-5909(b)(4).

Eventually, Candley entered into a plea agreement with the State. Under the plea agreement, in exchange for Candley's no contest plea on the first count of aggravated indecent liberties with a child, the State agreed to the following: (1) it would dismiss Candley's remaining two aggravated indecent liberties with a child charges as well as the two aggravated intimidation of a witness or victim charges; and (2) it would jointly, with Candley, recommend that he be granted a durational departure to be sentenced on the Kansas Sentencing Guidelines Act (KSGA) grid as if he had committed a severity level 3 person felony.

Candley later entered a no contest plea to the first count of aggravated indecent liberties with a child in accordance with his plea agreement with the State. After entering his no contest plea, Candley moved to withdraw his plea. Candley alleged that he was entitled to withdraw plea because his attorney had failed to give him discovery, had failed to adequately communicate with him, and had ignored him when he said he wanted to prove his innocence at trial. The trial court held an evidentiary hearing on Candley's motion to withdraw plea. Following the evidentiary hearing, the trial court denied Candley's motion to withdraw plea.

2

Candley then moved for a durational departure, requesting that he be sentenced on the KSGA grid. Candley asserted that he should be sentenced on the KSGA grid because the State agreed to it as part of his plea agreement. Candley also argued that the trial court should grant the departure because of his lack of criminal history and for reformative purposes.

At sentencing, the trial court granted Candley's durational departure motion to be sentenced on the KSGA grid because the State was jointly recommending it. As a result, the trial court sentenced Candley to the standard KSGA grid sentence for his criminal history score of "I," which was 59 months' imprisonment followed by lifetime postrelease supervision. Candley did not object to the imposition of lifetime postrelease supervision.

*Is Candley's Sentence of Lifetime Postrelease Supervision Illegal?*

Candley's only argument on appeal is that the imposition of lifetime postrelease supervision was illegal. Candley contends that the July 1, 2013, amendments to K.S.A. 22-3717 required the trial court to sentence him to 36 months' postrelease supervision. Candley asserts that both subparagraph (D) and (G) of K.S.A. 2016 Supp. 22-3717(d)(1), which are the provisions that dictate what term of postrelease supervision applies to a defendant, could apply to him under the plain language of those subparagraphs. Candley argues that although subparagraph (G) calls for defendants convicted of sexually violent crimes to serve lifetime postrelease supervision, subparagraph (D) calls for defendants convicted of sexually violent crimes to serve a term of 12 to 36 months on postrelease supervision. Candley asserts that under the rule of lenity, courts are required to sentence defendants like himself to the lesser term of postrelease supervision under subparagraph (D). Candley further asserts that the July 1, 2013, amendments apply retroactively to his aggravated indecent liberties with a child conviction.

3

The State counters that K.S.A. 2016 Supp. 22-3717(d)(1)(D) and (G) do not conflict, emphasizing that subparagraph (D) and (G) speak to the postrelease supervision sentences of different classes of defendants. The State argues that Candley was properly sentenced to lifetime postrelease supervision under K.S.A. 2016 Supp. 22-3717(d)(1)(G) based on the date and nature of his crime. In making this argument, the State points out that this court rejected a very similar argument in our recent decision in *Herrmann*.

*Standard of Review*

"Whether a sentence is illegal is a question of law over which an appellate court has unlimited review." *Herrmann*, 53 Kan. App. 2d at 149. Moreover, to the extent Candley's challenge involves interpretation of statutes, this court exercises de novo review. *Herrmann*, 53 Kan. App. 2d at 150.

*Preservation*

An illegal sentence under K.S.A. 22-3504(1) includes a sentence that does not conform to the applicable statutory provisions. See *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Because K.S.A. 22-3504(1) states that courts may correct an illegal sentence "at any time," courts may review a defendant's illegal sentence challenge even when raised for the first time on appeal. *Gray*, 303 Kan. at 1014. Accordingly, as argued by Candley in his brief, this court may consider Candley's argument that the imposition of lifetime postrelease supervision was illegal even though he did not make this argument below.

*Applicable Law*

In relevant part, the amended K.S.A. 2016 Supp. 22-3717 states:

4

"(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:

(A) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 1 through 4 crimes, drug severity levels 1 and 2 crimes committed on or after July 1, 1993, but prior to July 1, 2012, and drug severity levels 1, 2 and 3 crimes committed on or after July 1, 2012, must serve 36 months on postrelease supervision.

. . . .

(D) Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717 . . . shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C) plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 21-6821, and amendments thereto, on postrelease supervision.

. . . .

(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life."

Of note, K.S.A. 22-3717(d)(1)(G) was enacted by the legislature on July 1, 2006. See L. 2006, ch. 212, sec. 19. Since enactment of subparagraph (G), it has not been amended by the legislature. Moreover, the current language of K.S.A. 2016 Supp. 22-3717(d)(1)(D) that Candley relies on in arguing the imposition of lifetime postrelease supervision was illegal has remained unaltered since the July 1, 2013, amendments.

*Explanation of Candley's Arguments*

Candley concedes that aggravated indecent liberties is a sexually violent crime as meant under subparagraph (G) of K.S.A. 2016 Supp. 22-3717(d). This is because K.S.A.

5

2016 Supp. 22-3717(d)(5)(C) explicitly defines aggravated indecent liberties with a child as a sexually violent crime. Nevertheless, Candley argues that subparagraph (D) could have also applied to him under the circumstances of his case. Candley explains that like subparagraph (G), subparagraph (D) addresses the length of the postrelease supervision a defendant who has committed a sexually violent crime must serve. Because both subparagraph (D) and (G) pertain to the length of the postrelease supervision that defendants, who have committed sexually violent crimes, must serve, Candley contends that he falls under the scope of both subparagraphs.

Candley argues that under the rule of lenity, the trial court was required to impose his postrelease supervision sentence in accordance with subparagraph (D). In making this argument, Candley explains that subparagraph (D) states that defendants convicted of sexually violent crimes are required to serve terms of postrelease supervision outlined in subparagraphs (A), (B), and (C); subparagraphs (A), (B), and (C) mandate either 36-, 24-, or 12-month terms of postrelease supervision based on the severity level of the crime the defendant committed. Thus, sexually violent offenders sentenced to postrelease supervision under subparagraph (D) clearly have shorter postrelease supervision sentences than those sentenced to lifetime postrelease supervision under subparagraph (G). Candley contends that under the rule of lenity, which requires courts to interpret statutory provisions in favor of the defendant, the trial court was required to sentence him to postrelease supervision under subparagraph (D)'s shorter postrelease supervision term language.

Although not clearly argued in his brief, Candley believes that the trial court was required to sentence him to 36 months' postrelease supervision. This is because once the trial court departed to the KSGA grid, Candley was sentenced as if he had committed a severity level 3 person felony, and subparagraph (A) dictates that defendants convicted of nondrug severity level 3 felonies must serve a term of 36 months' postrelease supervision. Last, Candley argues that the July 1, 2013, amendments to K.S.A. 22-3717 apply to him

6

even though he committed his crime between January 1, 2013, and June 30, 2013, because the "legislature has expressed a clear desire for [the] amendments to operate retroactively."

Herrmann *Establishes Candley's Argument is Flawed*

Yet, there are significant problems with Candley's arguments. As mentioned by the State in its brief, this court has recently rejected in *Herrmann* the arguments that Candley currently makes. Because *Herrmann* was decided after Candley filed his brief, Candley has not addressed *Herrmann* in his brief. Moreover, Candley has not filed a supplemental brief distinguishing *Herrmann* from his case. Regardless, a review of *Herrmann* establishes that Candley's arguments regarding the application of K.S.A. 2016 Supp. 22-3717(d)(1)(D) are flawed.

In *Herrmann*, Herrmann had committed an attempted aggravated indecent liberties with a child. The trial court initially sentenced Herrmann to 24 months' postrelease supervision. Upon the State's motion, however, the trial court corrected Herrmann's sentence, sentencing him to lifetime postrelease supervision as required under K.S.A. 22-3717(d)(1)(G). Herrmann appealed, making the following arguments: (1) that the July 1, 2013, amendments to K.S.A. 22-3717(d)(1)(D) retroactively eliminated the court's ability to impose lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G) for persons convicted of sexually violent crimes; (2) alternatively, the conflicting language within subparagraph (D) and (G) of K.S.A. 22-3717(d)(1) required courts to impose the shorter postrelease supervision terms prescribed in subparagraph (D) under the rule of lenity. The *Herrmann* court rejected both arguments.

First, the *Herrmann* court held that the plain language of K.S.A. 2015 Supp. 22-3717(d)(1) established that a defendant may fall under the scope of either subparagraph

7

(D) or subparagraph (G), but not both. 53 Kan. App. 2d at 152. The *Herrmann* court explained:

> "Subsection (d)(1) explains that persons sentenced for crimes committed after July 1, 1993, will not be eligible for parole; instead, they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow do not apply to 'persons subject to subparagraph (G).' Subparagraph (G) provides that 'persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life.' Herrmann was convicted of attempted aggravated indecent liberties with a child, which is a sexually violent crime under subsection (d)(5)(C) and (d)(5)(M). His conviction occurred after July 1, 2006. Because Herrmann is subject to subparagraph (G), no other subparagraph following subsection (d)(1) applies to him—including subparagraph (D)." 53 Kan. App. 2d at 152.

Then, because Herrmann could not possibly fall under the scope of subparagraph (D), the *Herrmann* court concluded that there was "no need to determine whether the amended provision would apply retroactively to [Herrmann's] case." 53 Kan. App. 2d at 154.

Second, the *Herrmann* court held that Herrmann's argument that the plain language of subparagraphs (D) and (G) conflicted was incorrect, explaining:

> "The provisions in each subparagraph apply to a distinct class of persons. K.S.A. 22-3717 as a whole applies to all persons convicted of a crime after July 1, 1993. See L. 1992, ch. 239, sec. 270 ('Persons sentenced for crimes committed on or after July 1, 1993, will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence.'). Subparagraph (G) was added to the statute in 2006 to create an explicit exception applicable only for 'persons convicted of a sexually violent crime committed on or after July 1, 2006.' See L. 2006, ch. 212, sec. 19 (also adding language to [d][1] excepting 'persons subject to

8

subparagraph [G]'). Reading subparagraph (D) in pari materia, it falls under subsection (d)(1) and so applies to all persons but those expressly excluded: persons sentenced for off-grid crimes committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G). Therefore, subparagraph (D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. Thus, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply. Construing the statute as a whole and giving effect to all of the statutes, as this court must, there is no conflict or ambiguity in amended subsection (d)(1). 53 Kan. App. 2d at 153.

The *Herrmann* court further held that the legislative history of the 2013 amendments proved that the plain language of K.S.A. 22-3717(d)(1)(D) and (G) did not conflict because subparagraph (D) was amended to prevent certain defendants, "including persons who committed a sexually violent offense between July 1, 1993, and June 30, 2006," from being entitled to have good time credit or program credit earned while in prison *not* added to their term of postrelease supervision. 53 Kan. App. 2d at 153. The *Herrmann* court noted:

"The 2013 amendments deleted the language pertaining to good-time and program credits from subparagraphs (A)-(C)—in effect, reducing the length of postrelease supervision sentences by not requiring those credits to be added to a person's postrelease term. But the legislature did not want to provide that same benefit for persons convicted of certain crimes, including sexually violent crimes. So, the legislature also amended subparagraph (D) to provide an exception for persons convicted of sexually violent crimes so that earned good-time and program credits continued to be added to their postrelease supervision period. L. 2013, ch. 133, sec. 13. In a nutshell, the postrelease supervision calculation for persons convicted of a sexually violent crime between July 1, 1993, and June 30, 2006, remained the same as it was prior to the 2013 amendments. 53 Kan. App. 2d at 154.

While Candley has presented his arguments in a different order than Herrmann, the *Herrmann* court's analysis regarding the plain language of K.S.A. 2016 Supp. 22-

9

3717(d)(1)(D) and (G) applies nonetheless. Briefly, Candley argues that he could fall under the scope of both subparagraph (D) and (G) based on the fact he committed a sexually violent crime and both subparagraphs state that they apply to defendants who committed sexually violent crimes. Yet, Candley's argument fails to recognize that subsection (d)(1) of K.S.A. 2016 Supp. 22-3717 states that the mandatory postrelease supervision terms addressed in subparagraphs (A)-(D) do not apply to "persons subject to subparagraph (G)." This, of course, means that Candley, as a person who concedes he is subject to subparagraph (G), cannot be subject to subparagraph (D). Candley additionally ignores that subparagraph (D) applies only to persons who committed a sexually violent crime after July 1, 1993, but before July 1, 2006. Clearly, Candley cannot fall under the plain language of subparagraph (D) given that he committed his sexually violent crime in 2013, well after the July 1, 2006, cut-off date. Consequently, the only subparagraph of K.S.A. 2016 Supp. 22-3717(d)(1) Candley could have been sentenced under was subparagraph (G), which mandated that he serve a term of lifetime postrelease supervision.

In summary, although Candley has not addressed *Herrmann*, the *Herrmann* court's in depth analysis of the 2013 amendments to K.S.A. 22-3717(d)(1) establish that Candley's arguments are meritless. Accordingly, we affirm the trial court's imposition of lifetime postrelease supervision based on the reasoning outlined in *Herrmann*. See *State v. Fishback*, No. 114,797, 2016 WL 7031848, at *1 (Kan. App. 2016) (unpublished opinion) (where this court adopted the reasoning in *Herrmann* to reject identical arguments); *State v. Rothstein*, No. 114,749, 2016 WL 7031921, at *2 (Kan. App. 2016) (unpublished opinion) (same); *State v. Hill*, No. 115,041, 2016 WL 6919609, at *1 (Kan. App. 2016) (unpublished opinion) (same); and *State v. Ramsey*, No. 114,795, 2016 WL 6925994, at *1 (Kan. App. 2016) (unpublished opinion) (same).

Affirmed.