NOT DESIGNATED FOR PUBLICATION

No. 116,457

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GERALD HAMILTON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed July 7, 2017. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Crystalyn M. Oswald*, assistant district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*:  Gerald S. Hamilton appeals the district court's decision granting the State's motion to correct illegal sentence. Hamilton argues that the district court erred in modifying his postrelease supervision term from 24 months to lifetime. For the reasons stated herein, we affirm the district court's judgment.

The relevant facts are straightforward. On August 3, 2012, Hamilton pled no contest to one count of attempted aggravated sexual battery for a crime committed on

October 26, 2011. On September 4, 2012, the district court sentenced Hamilton to 30 months in prison followed by 24 months' postrelease supervision.

On June 1, 2016, the State filed a motion to correct illegal sentence, arguing that Hamilton should have received lifetime postrelease supervision. Hamilton objected to the motion and argued that the district court lacked jurisdiction to correct his sentence because he was already serving his 24-month postrelease supervision term. After a hearing on July 20, 2016, the district court granted the State's motion and resentenced Hamilton to lifetime postrelease supervision. Hamilton timely appealed.

On appeal, Hamilton claims the district court erred in granting the State's motion to correct illegal sentence. Specifically, he argues that K.S.A. 22-3717 was amended in 2013 and the amended statute applies to his pending case. As a result of the amendment, Hamilton contends that K.S.A. 2015 Supp. 22-3717(d)(1)(D) and K.S.A. 2015 Supp. 22-3717(d)(1)(G) directly conflict as to which subsection applies to his case. He argues that under the rule of lenity, his postrelease supervision term should be 24 months under K.S.A. 2015 Supp. 22-3717(d)(1)(D), rather than lifetime under K.S.A. 2015 Supp. 22-3717(d)(1)(G). Hamilton acknowledges that this court rejected an identical argument in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *petition for rev. filed* December 19, 2016. However, Hamilton argues that *Herrmann* was wrongly decided.

The State contends that the district court did not err in granting the State's motion to correct illegal sentence. The State asserts that our court's decision in *Herrmann* should control the outcome of Hamilton's appeal.

Pursuant to K.S.A. 22-3504(1), the court may correct an illegal sentence at any time. An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by the court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that

2

is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

As Hamilton acknowledges, his statutory argument recently was rejected by this court in *Herrmann*. In *Herrmann*, this court determined that K.S.A. 2015 Supp. 22-3717(d)(1)(D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. 53 Kan. App. 2d 147, Syl. ¶ 5. This court further held that the 2013 amendments to K.S.A. 22-3717(d)(1)(D) do not alter the requirement in K.S.A. 22-3717(d)(1)(G) that a person convicted of a sexually violent crime after July 1, 2006, receive lifetime postrelease supervision. 53 Kan. App. 2d 147, Syl. ¶ 4.

Since the *Herrmann* opinion was filed, our court has agreed with its conclusion in 12 other cases. *State v. Dackin*, No. 115,687, 2017 WL 2403349, at *3 (Kan. App. 2017) (unpublished opinion); *State v. Phillips*, No. 115,107, 2017 WL 1822383, at *1-2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 5, 2017; *State v. Brook*, No. 115,657, 2017 WL 1535138, at *3 (Kan. App. 2017) (unpublished opinion) *petition for rev. filed* June 17, 2017; *State v. Combs*, No. 115,638, 2017 WL 1296312, at *4-6 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 8, 2017; *State v. Kness*, No. 115,480, 2017 WL 1295994, at *2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 8, 2017; *State v. Younkman*, No. 115,606, 2017 WL 1035473, at *2-4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 30, 2017; *State v. Kilgore*, No. 115,010, 2017 WL 748597, at *1-2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 20, 2017; *State v. Rose*, No. 115,490, 2017 WL 383877, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* February 27, 2017; *State v. Fishback*, No. 114,797, 2016 WL 7031848, at *1 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* January 3, 2017; *State v. Rothstein*, No. 114,749, 2016 WL 7031921, at *2 (Kan. App. 2016) (unpublished opinion), *petition for*

3

*rev. filed* December 19, 2016; *State v. Ramsey*, No. 114,795, 2016 WL 6925994, at *1-2 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* December 19, 2016; *State v. Hill*, No. 115,041, 2016 WL 6919609, at *1-2 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* December 21, 2016.

We adopt this court's reasoning in *Herrmann* and apply that reasoning to the facts herein. Hamilton's conviction of attempted aggravated sexual battery is a sexually violent crime as defined in K.S.A. 2016 Supp. 22-3717(d)(5)(I). His crime was committed in October 2011, which is after July 1, 2006. Thus, we conclude that on the date Hamilton's crime was committed, K.S.A. 2011 Supp. 22-3717(d)(1)(G) required a sentence of lifetime postrelease supervision for a conviction of attempted aggravated sexual battery and the statutory amendments have not altered this result. Hamilton's original term of 24 months' postrelease supervision constituted an illegal sentence, which the district court could correct at any time pursuant to K.S.A. 22-3504(1). Thus, the district court did not err in granting the State's motion to correct illegal sentence.

Affirmed.