NOT DESIGNATED FOR PUBLICATION

No. 117,807

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HENRY L. WHITE JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed June 1, 2018. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Henry L. White appeals from his sentence of lifetime postrelease supervision for a sexually violent crime. On appeal, White contends that the rule of lenity requires that he be sentenced to a shorter term of postrelease supervision. As the parties recognize, numerous panels of this court have considered and rejected arguments similar—if not identical—to the argument made by White in this appeal. Because we find the reasoning of *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016) and its progeny to be persuasive, we conclude that the district court appropriately sentenced White to lifetime postrelease supervision. Thus, we affirm.

1

FACTS

White, along with another person, participated in a scheme to encourage, facilitate, and coerce an underage girl to engage in sexual acts with other individuals for money. White also encouraged the underage girl to sell methamphetamine. This scheme continued for about two months until a witness contacted the Wichita Police Department and officers from the department were able to intervene. He was ultimately charged with one count of aggravated human trafficking, in violation of K.S.A. 2014 Supp. 21-5426(b)(4) and three counts of commercial sexual exploitation of a child, in violation of K.S.A. 2014 Supp. 21-6422(a)(1), (3)-(4).

On March 3, 2017, White entered into a plea agreement. In the agreement, White agreed to plead to one count of commercial exploitation of a child, in exchange for the State dropping the remaining charges and for the State recommending a sentence in the mid-range in the grid box. He was also to be placed on lifetime postrelease supervision. At the plea hearing, the district court accepted White's guilty plea on the reduced charge and dismissed the other charges.

Prior to sentencing, White filed a departure motion and asked the district court to grant a downward durational departure. The district court held a sentencing hearing on April 14, 2017. At the hearing, the district court denied White's departure motion. Specifically, the district court stated that it was without legal authority to depart on the length of White's postrelease supervision under the circumstances presented. Thus, the district court sentenced White to a prison term of 57 months and lifetime postrelease supervision.

ANALYSIS

On appeal, White contends that the district court failed to analyze properly its authority under K.S.A. 2016 Supp. 22-3717(d)(1)(G) when it sentenced him to lifetime postrelease supervision. White argues that the rule of lenity requires that he receive a shorter period of postrelease supervision based on an alleged statutory ambiguity. In response, the State points out that multiple panels of our court have rejected arguments substantially similar—if not identical—to White's argument.

Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, in matters of statutory interpretation, our review is also unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). After reviewing the record on appeal and the applicable law, we do not find that the district court erred in imposing lifetime postrelease supervision.

K.S.A. 22-3717 governs postrelease supervision. In 2013, the Kansas Legislature amended K.S.A. 22-3717 to add subsection (d)(1)(D), which provides varying lengths of postrelease supervision for offenders convicted of sexually violent offenses. L. 2013, ch. 133, § 13. The version of K.S.A. 2016 Supp. 22-3717(d)(1) in effect at time of sentencing reads, in relevant part:

> "(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:
>
> . . . .

3

"(B) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 5 and 6 crimes . . . . must serve 24 months on postrelease supervision.

. . . .

"(D) Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717, and amendments thereto, . . . shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C) plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2016 Supp. 21-6821, and amendments thereto, on postrelease supervision.

. . . .

"(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life."

As this court found in *Herrmann*, 53 Kan. App. 2d at 148, K.S.A. 2016 Supp. 22-3717(d)(1)(D) only applied to individuals convicted for sexually violent offenses between July 1, 1993 and June 30, 2006 while K.S.A. 2016 Supp. 22-3717(d)(1)(G) applies to crimes occurring on or after July 1, 2006. After *Hermann* was decided, numerous other panels of this court have reached a similar conclusion. See, e.g., *State v. Stagner*, No. 116,869, 2017 WL 4848359, at *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. ___ (April 26, 2018); *State v. Cook*, No. 116,592, 2017 WL 4558496, at *2 (Kan. App. 2017) (unpublished opinion) *rev. denied* 307 Kan. ___ (April 26, 2018); *State v. Munoz*, No. 115,590, 2017 WL 4081374, at *12-13 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. ___ (April 26, 2018); *State v. Brewer*, No. 116,331, 2017 WL 3947342, at *2-4 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. ___ (April 26, 2018).

4

In *Herrmann*, this court addressed the related nature of K.S.A. 2016 Supp. 22-3717 (d)(1)(D) and (d)(1)(G). In doing so, the court found that the "persons subject to subparagraph (G)" language in paragraph (d)(1) draws a line between those convicted of a sexually violent crime before July 1, 2006 and those convicted after. 53 Kan. App. 2d at 152. We agree and find the analysis in *Herrmann* and its progeny to be persuasive. Because White was convicted after June 30, 2006, we conclude that K.S.A. 2016 Supp. 22-3717(d)(1)(G) applies in this case. Thus, we reject White's invitation to find *Herrmann* was wrongly decided.

We, therefore, conclude that the district court appropriately sentenced White to lifetime postrelease supervision.

Affirmed.