NOT DESIGNATED FOR PUBLICATION

No. 116,329

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL PAUL DARNELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed June 30, 2017. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Ellen H. Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

*Per Curiam*: Michael Darnell was convicted by a jury of aggravated burglary, battery, aggravated kidnapping, and aggravated sexual battery. In connection with his conviction for aggravated sexual battery, Darnell was sentenced to 32 months' imprisonment with 24 months of postrelease supervision. After sentencing, the Kansas Department of Corrections notified the sentencing court that Darnell should have been sentenced to lifetime postrelease supervision under K.S.A. 2015 Supp. 22-3717(d)(1)(G). The sentencing court resentenced Darnell to lifetime postrelease supervision relating to his conviction of aggravated sexual battery. Darnell appeals from the sentencing court's order. Specifically, Darnell argues that his original sentence was legal; thus, the

1

sentencing court lacked jurisdiction to alter or amend it. Darnell's argument has been considered and rejected by a number of panels of this court, most notably the holding in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *petition for rev. filed* May 17, 2017. Accordingly, we affirm.

On May 19, 2014, Michael Darnell was charged with one count of aggravated burglary, one count of battery, one count of aggravated kidnapping, one count of attempted aggravated robbery, and one count of aggravated sexual battery.

On May 22, 2015, Darnell was convicted by a jury of aggravated burglary, battery, aggravated kidnapping, and aggravated sexual battery. He was acquitted of attempted aggravated robbery. On August 31, 2015, Darnell was sentenced to a total controlling prison term of 285 months. For his conviction of aggravated sexual battery, Darnell was sentenced to 32 months' imprisonment with 24 months of postrelease supervision.

On January 15, 2016, the sentencing court held a hearing after the Kansas Department of Corrections sent a letter to the court in which it claimed that Darnell was incorrectly sentenced insofar as he received 24 months of postrelease supervision in connection with his conviction for aggravated sexual battery. The letter is not in the record on appeal. The Department of Corrections asserted in its letter that Darnell should have been sentenced to lifetime postrelease supervision under K.S.A. 2015 Supp. 22-3717(d)(1)(G). No motion to correct illegal sentence was ever filed. At the hearing, the State argued that Darnell's sentence was illegal and should be corrected. Darnell argued that his sentence was legal, and thus the court had no jurisdiction to modify his sentence. The court found that Darnell's original sentence was not in conformity with the sentencing statute, K.S.A. 2015 Supp. 22-3717(d)(1)(G), and was therefore illegal. As a result, the court resentenced Darnell to lifetime postrelease supervision in relation to his conviction for aggravated sexual battery.

2

*Did the Trial Court Err in Resentencing Darnell to Lifetime Postrelease Supervision for His Conviction of a Sexually Violent Crime?*

Darnell argues that his original sentence was a legal sentence under K.S.A. 2015 Supp. 22-3717(d)(1)(D). Moreover, because a trial court lacks jurisdiction to modify a legal sentence after it is pronounced from the bench, Darnell asserts that his new sentence under K.S.A. 2015 Supp. 22-3717(d)(1)(G) is an illegal sentence. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). Consequently, Darnell asks this court to vacate the sentencing court's resentencing order.

The State, on the other hand, argues that Darnell's original sentence was an illegal sentence because it failed to comply with K.S.A. 2015 Supp. 22-3717(d)(1)(G). Moreover, because a trial court has jurisdiction to modify an illegal sentence at any time, the State asserts that the sentencing court did not err in resentencing Darnell. See K.S.A. 22-3504(1).

Thus, Darnell's appeal hinges on whether his original sentence was illegal. If the answer to that question is yes, then the sentencing court had jurisdiction to modify his sentence and bring it in compliance with the applicable statute. If the answer to that question is no, then Darnell is correct that the sentencing court lacked jurisdiction to modify his sentence and we must vacate its order resentencing him.

Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which this court exercises unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Our Supreme Court defines an "illegal sentence" under K.S.A. 22-3504(1) as follows:

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the

3

authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

Our analysis will also involve the interpretation of sentencing statutes. The interpretation of a statute is a question of law over which this court exercises unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

This appeal specifically centers on the statutory interpretation of K.S.A. 2015 Supp. 22-3717. The relevant provisions of K.S.A. 2015 Supp. 22-3717 state:

"(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:

. . . .

(B) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 5 and 6 crimes, drug severity level 3 crimes committed on or after July 1, 1993, but prior to July 1, 2012, and drug severity level 4 crimes committed on or after July 1, 2012, must serve 24 months on postrelease supervision.

. . . .

(D) Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717, and amendments thereto, a sexually motivated crime in which the offender has been ordered to register pursuant to subsection (d)(1)(D)(vii) of K.S.A. 22-3717, and amendments thereto, electronic solicitation, K.S.A. 21-3523, prior to its repeal, or K.S.A. 2015 Supp. 21-5509, and amendments thereto, or unlawful sexual relations, K.S.A. 21-3520, prior to its repeal, or K.S.A. 2015 Supp. 21-5512, and amendments thereto, shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C) plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2015 Supp. 21-6821, and amendments thereto, on postrelease supervision.

. . . .

4

(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life."

Here, the State specifically argues, and the sentencing court agreed, that Darnell's original sentence was an illegal sentence because it failed to conform to the applicable statutory provision—K.S.A. 2015 Supp. 22-3717(d)(1)(G)—in that it failed to order lifetime postrelease supervision in connection with his conviction for aggravated sexual battery.

Darnell argues that his sentence was legal under K.S.A. 2015 Supp. 22-3717(d)(1)(D). Darnell specifically argues that the sentencing court had the option of either sentencing him under K.S.A. 2015 Supp. 22-3717(d)(1)(G) or sentencing him under K.S.A. 2015 Supp. 22-3717(d)(1)(D). He asserts that because K.S.A. 2015 Supp. 22-3717(d)(1)(D) covers sexually violent crimes and states that the postrelease punishment under K.S.A. 2015 Supp. 22-3717(d)(1)(B) applies, he was properly sentenced to 24 months of postrelease supervision under K.S.A. 2015 Supp. 22-3717(d)(1)(B) for committing a severity level 5 crime.

This very issue has been considered by a number of panels from this court, most notably in *Herrmann*, 53 Kan. App. 2d at 147. See also *State v. Brook*, No. 115,657, 2017 WL 1535138 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 17, 2017; *State v. Combs*, No. 115,638, 2017 WL 1296312 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 8, 2017; *State v. Kness*, No. 115,480, 2017 WL 1295994 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 8, 2017; *State v. Younkman*, No. 115,606, 2017 WL 1035473 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 30, 2017; *State v. Rothstein*, No. 114,749, 2016

WL 7031921 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* December 19, 2016.

In *Herrmann*, this court held that "K.S.A. 2015 Supp. 22-3717(d)(1)(D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006." 53 Kan. App. 2d 147, Syl. ¶ 5. The court also held that "[t]here are no persons convicted of a sexually violent crime to whom both subparagraph K.S.A. 2015 Supp. 22-3717(d)(1)(D) and subparagraph K.S.A. 2015 Supp. 22-3717(d)(1)(G) apply." 53 Kan. App. 2d 147, Syl. ¶ 6. Thus, the *Herrmann* court essentially found that any persons convicted of a sexually violent crime that was committed after July 1, 2006, must be sentenced to a period of lifetime postrelease supervision under K.S.A. 2015 Supp. 22-3717(d)(1)(G). The *Herrmann* court gave the following reasons for its holdings:

"We find the plain language of the statute clearly decides the issue presented. Subsection (d)(1) explains that persons sentenced for crimes committed after July 1, 1993, will not be eligible for parole; instead, they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow do not apply to 'persons subject to subparagraph (G).' Subparagraph (G) provides that 'persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life.' Herrmann was convicted of attempted aggravated indecent liberties with a child, which is a sexually violent crime under subsection (d)(5)(C) and (d)(5)(M). His conviction occurred after July 1, 2006. Because Herrmann is subject to subparagraph (G), no other subparagraph following subsection (d)(1) applies to him—including subparagraph (D)." *Herrmann*, 53 Kan. App. 2d at 152.

"The provisions in each subparagraph apply to a distinct class of persons. K.S.A. 22-3717 as a whole applies to all persons convicted of a crime after July 1, 1993. See L. 1992, ch. 239, sec. 270 ('Persons sentenced for crimes committed on or after July 1, 1993, will not

6

be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence.'). Subparagraph (G) was added to the statute in 2006 to create an explicit exception applicable only for 'persons convicted of a sexually violent crime committed on or after July 1, 2006.' See L. 2006, ch. 212, sec. 19 (also adding language to [d][1] excepting 'persons subject to subparagraph [G]'). Reading subparagraph (D) in pari materia, it falls under subsection (d)(1) and so applies to all persons but those expressly excluded: persons sentenced for off-grid crimes committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G). Therefore, subparagraph (D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. Thus, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply. Construing the statute as a whole and giving effect to all of the statutes, as this court must, there is no conflict or ambiguity in amended subsection (d)(1)." *Herrmann*, 53 Kan. App. 2d at 153.

But Darnell contends that our reliance on *Herrmann* is misplaced, arguing that its analysis is flawed insomuch as it "completely ignores the legislative intent for the entire sentencing scheme as it does not account for the mirrored amendments contained in K.S.A. 21-6821 pertaining to good time credits." K.S.A. 2015 Supp. 21-6821(c) states that

"[t]he postrelease supervision term of a person sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717 . . . shall have any time which is earned and subtracted from the prison part of such sentence and any other consecutive or concurrent sentence pursuant to good time calculation added to such inmate's postrelease supervision term."

A similar provision is also found in K.S.A. 2015 Supp. 21-6821(e). Thus, Darnell specifically argues that because it is impossible to add time to a lifetime term of postrelease supervision, then "under the interpretation of the *Herrmann* panel, the legislative changes made to K.S.A. 21-6821(c) [and] (e) become void and ineffective."

Darnell's argument misses the mark. Those provisions from K.S.A. 2015 Supp. 21-6821 are perfectly in sync with the *Herrmann* panel's interpretation of K.S.A. 2015 Supp. 22-3717. Based on the holdings from *Herrmann*, it is clear that good time credit would be added to sentences ordered under K.S.A. 2015 Supp. 22-3717(d)(1)(D) but not to sentences ordered under K.S.A. 2015 Supp. 22-3717(d)(1)(G). Accordingly, we cannot agree that the interpretation from *Herrmann* renders the provisions from K.S.A. 2015 Supp. 21-6821 void or ineffective. Moreover, despite Darnell's arguments, we reject the notion that "the *Herrmann* analysis is fundamentally flawed." To the contrary, we find that the *Herrmann* analysis is well-reasoned and thorough.

Here, Darnell does not dispute that when he was convicted of aggravated sexual battery he was convicted of a sexually violent crime. Darnell also does not dispute that he committed the aggravated sexual battery after July 1, 2006. Because Darnell committed a sexually violent crime after July 1, 2006, we find that K.S.A. 2015 Supp. 22-3717(d)(1)(G) mandates that he be sentenced to lifetime postrelease supervision. Despite Darnell's arguments, K.S.A. 2015 Supp. 22-3717(d)(1)(D) does not apply to his conviction. Thus, we find that his original sentence was illegal because it failed to comply with K.S.A. 2015 Supp. 22-3717(d)(1)(G). Because an illegal sentence may be corrected at any time, the sentencing court had jurisdiction to modify Darnell's sentence. Accordingly, the sentencing court did not err in resentencing Darnell to a period of lifetime postrelease supervision under K.S.A. 2015 Supp. 22-3717(d)(1)(G).

Affirmed.