NOT DESIGNATED FOR PUBLICATION

No. 115,798

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAUL MONROY, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed July 14, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  Raul Monroy, Jr., appeals the granting of the State's motion to correct an illegal sentence. He argues his original sentence of 36 months of postrelease supervision was legal because it was a valid departure sentence. But the issue is controlled by K.S.A. 2016 Supp. 22-3717(d)(1)(G), which requires lifetime postrelease supervision, and there is no indication in the record that the district court intended to impose a departure from that requirement. Thus, we affirm the district court's order correcting the illegal sentence of 36 months' postrelease supervision to lifetime postrelease supervision.

1

Pursuant to a plea agreement, Monroy pled guilty to aggravated burglary, aggravated sexual battery, and attempted aggravated criminal sodomy. The district court sentenced Monroy to a controlling term of 142 months' imprisonment and 36 months of postrelease supervision.

About 7 years later, the State moved to correct Monroy's claimed illegal sentence, arguing that Monroy's sentence was illegal because K.S.A. 2016 Supp. 22-3717(d)(1)(G) mandated lifetime postrelease supervision for those persons convicted of a sexually violent crime. The district court granted the State's motion and corrected Monroy's term of postrelease supervision to lifetime supervision. Monroy appeals.

On appeal, Monroy claims his original sentence was a lawful departure sentence so the district court lacked jurisdiction to alter it. It is true that the district court does not have jurisdiction to modify a legal sentence once it is pronounced from the bench. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). But the district court has jurisdiction to modify an illegal sentence, and it has the discretion to do so at any time. K.S.A. 22-3504(1); *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we exercise unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). We also exercise unlimited review over the interpretation of the sentencing statutes. *State v. Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016).

Monroy's sentence was not a departure sentence. At his sentencing, the court did not follow the sentencing recommendation in the plea agreement and denied Monroy's motion for a downward departure sentence. The court stated:

"[T]his is a situation in which I believe it is necessary for me to depart from my usual desire to try to uphold the plea agreement of the parties.

2

"Mr. Monroy, in looking at your criminal history, I see that you are persistent sex offender. Also, all of the information involved here indicates that you are an active Sur 13 Street Gang member. The underlying facts of this case indicate that you went to a nursing home, broke into that home, and then proceeded to the rooms of two people, both in their mid 80s, and tried to force yourself sexually upon them. I see no reason nor any grounds to depart at this time."

An illegal sentence as contemplated by K.S.A. 22-3504(1) is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

Pursuant to K.S.A. 2016 Supp. 22-3717(d)(1)(G), the legislature mandated the imposition of lifetime postrelease supervision for all persons convicted of sexually violent on-grid crimes. A district court's failure to comply with the lifetime postrelease statute results in an illegal sentence. See *State v. Herrmann*, 53 Kan. App. 2d 147, 154, 384 P.3d 1019 (2016), *petition for rev. filed* December 19, 2016; *State v. Baber*, 44 Kan. App. 2d 748, 753-54, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013).

In *Herrmann*, the defendant's original sentence for attempted aggravated indecent liberties with a child, a severity level 6 person felony, included 24 months of postrelease supervision. This court determined that Herrmann's sentence did not conform to the statutory provisions of K.S.A. 2015 Supp. 22-3717(d)(1)(G), which required lifetime postrelease supervision. Thus, his sentence was illegal, and the district court did not err in resentencing Herrmann. 53 Kan. App. 2d at 152-54. We adhere to the reasoning in *Herrmann*. Monroy does not contest that under K.S.A. 2016 Supp. 22-3717(d)(1)(G) he was subject to lifetime postrelease supervision. Instead, he claims the original sentence constituted a departure sentence. Because this argument fails, the district court had jurisdiction to correct Monroy's illegal sentence at any time, and in this instance the

3

district court properly corrected the term of Monroy's term of postrelease supervision from 36 months to lifetime postrelease supervision. See K.S.A. 22-3504(1).

Affirmed.