NOT DESIGNATED FOR PUBLICATION

No. 116,330

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS PETERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JOHN B. KLENDA, judge. Opinion filed August 4, 2017.
Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*David E. Yoder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and STEVEN R. EBBERTS, District Judge, assigned.

*Per Curiam*: Nicholas Peterson appeals the district court's decision granting the State's motion to correct an illegal sentence. Peterson argues that the district court erred in modifying his postrelease supervision term from 60 months to lifetime postrelease supervision because his original term of postrelease supervision was not an illegal sentence. Because we hold to the analysis in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *petition for rev. filed* December 19, 2016, this contention fails.

In the alternative, Peterson asks us to remand and instruct the district court to hold a hearing and make specific findings as to whether lifetime postrelease supervision as applied to him constitutes cruel and unusual punishment. Based on the holdings in *State*

1

*v. Seward*, 289 Kan. 715, 720-21, 217 P.3d 443 (2009), and *State v. Reed*, 300 Kan. 494, 513, 332 P.3d 172 (2014), *cert. denied* 135 S. Ct. 1566 (2015), we find this relief to be inappropriate and affirm.

In 2008, Peterson pled guilty to aggravated indecent liberties with a child, possession of marijuana, and criminal possession of a firearm. His sex crime was committed in 2007. The district court sentenced him to 78 months in prison followed by 60 months' postrelease supervision.

In 2015, the State moved to correct an illegal sentence, arguing that Peterson should have received lifetime postrelease supervision. At a hearing on the motion, Peterson argued that imposing lifetime postrelease supervision would constitute cruel and unusual punishment based on the individualized facts of his case. Relying on the factors found in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978), Peterson argued that lifetime postrelease supervision would be unconstitutional punishment as applied to him because: (1) it would be a harsher sentence than the sentence imposed for murder, kidnapping, or other more serious crimes because he could spend the rest of his life in prison for a minor offense or a supervision violation; (2) he was 23 years old at the time of the crime, the victim was 15 years old, and their relationship was consensual; (3) the district court imposed a durational departure based on the State's request; and (4) the Department of Corrections classified Peterson at only a medium risk level for reoffending.

The district court granted the State's motion and resentenced Peterson to lifetime postrelease supervision. The court did not make findings on whether the sentence constituted cruel and unusual punishment, and Peterson did not request findings to be made. Peterson's appeal brings the matter to us.

*Illegal Sentence Issue*

Peterson claims that when he was originally sentenced the district court had the choice to impose lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G) or a lesser term of postrelease supervision under K.S.A. 22-3717(d)(1)(D) and the 60 months of postrelease supervision ordered under K.S.A. 22-3717(d)(1)(D) was proper. Thus, he claims the district court lacked jurisdiction to modify his original sentence when it erroneously imposed lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G).

Peterson argues further that K.S.A. 22-3717 was amended in 2013, and the amended statute is retroactive and applies to his pending case. Thus, under K.S.A. 2016 Supp. 22-3717(d)(1)(G) the lifetime postrelease supervision term of Peterson's new sentence is an illegal sentence, which he asks us to vacate.

These are issues of law over which we have unlimited review. *State v. Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016); *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016); *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Under K.S.A. 22-3504(1), an illegal sentence is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the applicable statutory provision, either in character or term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). A court can correct an illegal sentence at any time. *State v. Lewis*, 299 Kan. 828, 858, 326 P.3d 387 (2014).

Our court's decision in *Herrmann*, 53 Kan. App. 2d 147, addressed the interplay of K.S.A. 2015 Supp. 22-3717(d)(1)(D) and K.S.A. 2015 Supp. 22-3717(d)(1)(G). The *Herrmann* court found no conflict between the provisions of K.S.A. 2015 Supp. 22-3717 and held that the provisions of K.S.A. 2015 Supp. 22-3717(d)(1)(G) clearly control

3

sexually violent crimes committed on or after July 1, 2006. Thus, no persons convicted of a sexually violent crime would be subject to the provisions of both subsections (D) and (G) of the statute, as asserted by Peterson.

> "Subsection (d)(1) explains that persons sentenced for crimes committed after July 1, 1993, will not be eligible for parole; instead they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow *do not* apply to 'persons subject to subparagraph (G).' Subparagraph (G) provides that 'persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life.'" 53 Kan. App. 2d at 152.

The *Herrmann* court further held that the 2013 amendments to K.S.A. 22-3717(d)(1)(D) do not alter the requirement in K.S.A. 22-3717(d)(1)(G) that a person convicted of a sexually violent crime after July 1, 2006, receive lifetime postrelease supervision. 53 Kan. App. 2d 147, Syl. ¶ 4.

We are persuaded by the analysis in *Herrmann* and adopt it here. Thus, for his 2007 crime of aggravated indecent liberties, Peterson was required to be sentenced to lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G). The 2013 statutory amendments do not alter that result. Peterson's 60-month term of postrelease supervision was illegal, and the district court had the authority to correct it. We find no error in the district court doing so.

*Failure to Make Findings Issue*

Peterson claims the district court erred in failing to make factual findings or legal conclusions on his claim that lifetime postrelease supervision as applied to him would be unconstitutional cruel or unusual punishment. At the resentencing hearing, the district court did not make any specific *Freeman* findings. The court merely stated that "because this is considered a sexually violent offense, the Court is going to order lifetime post-release supervision." Peterson did not object to the district court's lack of findings specific to his circumstances.

As an appellate court confined to the factual record before us, we do not make our own factual findings. We are limited to the findings made by the district court. *State v. Berriozabal*, 291 Kan. 568, 591, 243 P.3d 352 (2010). In the absence of any factual findings, we do not have the necessary factual basis upon which to analyze whether Peterson's sentence is unconstitutional under *Freeman*. See *Seward*, 289 Kan. at 720-21.

In *Seward*, our Supreme Court made clear that a remand for a hearing on *Freeman* factors was an exceptional ruling and would not be permitted in the future:

> "In the future, a defendant who wishes to appeal on the basis of a constitutional challenge to a sentencing statute must ensure the findings and conclusions by the district judge are sufficient to support appellate argument, by filing of a motion invoking the judge's duty under [Supreme Court] Rule 165 [2017 Kan. S. Ct. R. 214], if necessary." *Seward*, 289 Kan. at 721.

Our Supreme Court has adhered to the warning it gave in *Seward* and declined to review constitutional challenges to sentencing statutes when the defendant failed to ensure the district court made adequate findings and conclusions on the *Freeman* factors in order to provide a sufficient record for review. "[T]his court has consistently declined

to address a defendant's appellate argument regarding cruel and/or unusual punishment when the defendant has failed to develop the record below . . . ." *Reed*, 300 Kan. at 513.

We are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We see no indication that our Supreme Court is departing from its holdings in *Reed* and *Seward*. Accordingly, we decline Peterson's invitation to remand the case to the district court to make factual findings on his constitutional claim.

Affirmed.