NOT DESIGNATED FOR PUBLICATION

No. 116,429

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN ALLEN MATTHEWS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed September 8, 2017. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER, J., and STUTZMAN, S.J.

PER CURIAM:  Nathan A. Matthews appeals from his sentence, claiming error by the district court in construing K.S.A. 2015 Supp. 22-3717 when it ordered lifetime postrelease as part of his sentence. We conclude the district court correctly applied that section to this case and, finding no error, we affirm.

FACTS AND PROCEDURAL BACKGROUND

Nathan Matthews pled no contest to two counts of aggravated sexual battery, severity level 5 person felonies, and one count of aggravated battery, a severity level 7

person felony. The district court imposed an aggravated sentence of 34 months for each of the aggravated sexual battery counts, to be served consecutively, and a standard 12-month sentence for the aggravated battery, to be served concurrently with the other two. The court further ordered that Matthews be subject to lifetime postrelease supervision. Matthews timely appeals from that sentence.

ANALYSIS

At issue is the imposition of lifetime postrelease supervision as part of the district court's sentence. Matthews argues it was error to subject him to the term of lifetime postrelease mandated by K.S.A. 2015 Supp. 22-3717(d)(1)(G), because the postrelease requirement applicable to him was reached through K.S.A. 2015 Supp. 22-3717(d)(1)(D), which pointed to a 24-month period in K.S.A. 2015 Supp. 22-3717(d)(1)(B). He asserts that ordering lifetime postrelease rendered his sentence illegal but subject to correction at any time under K.S.A. 22-3504. Matthews recognizes that another panel of this court has considered those subsections and did not reach the conclusion he desires. See *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *rev. denied* July 25, 2017. In *Herrmann*, the court held that K.S.A. 2015 Supp. 22-3717(d)(1)(D) does not apply when K.S.A. 2015 Supp. 22-3717(d)(1)(G) is applicable. 53 Kan. App. 2d at 153-54. Matthews contends we should not be guided by *Herrmann*, which he claims was wrongly decided. As might be expected, the State endorses the reading that the *Herrmann* panel gave the statute.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). The Kansas Supreme Court has defined an "illegal sentence" under K.S.A. 22-3504 as:

2

"(1) [A] sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).

Matthews' complaint falls into the second category of illegal sentences—he argues that ordering him to be subject to lifetime postrelease supervision does not conform to the applicable statutory provision. Interpretation of sentencing statutes is also a matter over which we have de novo review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Matthews' argument involves interpretation of K.S.A. 2015 Supp. 22-3717(d)(1), which requires periods of postrelease supervision, rather than parole, for certain crimes. In relevant part, at the time of Matthews' sentencing that subsection directed:

"(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:

. . . .

(D) Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717 . . . shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C) plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2015 Supp. 21-6821, and amendments thereto, on postrelease supervision.

. . . .

(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2015 Supp. 22-3717(d)(1).

3

Matthews argues that as a person sentenced to a crime committed after July 1, 1993—he committed his crimes in October 2015—he falls within the scope of K.S.A. 2015 Supp. 22-3717(d)(1). Since two of his convictions met the definition for sexually violent crimes, he further reasons K.S.A. 2015 Supp. 22-3717(d)(1)(D) applied to him, and that subsection states that those convicted of sexually violent crimes should serve a postrelease period set by subsections (d)(1)(A), (d)(1)(B), or (d)(1)(C). Subsection (d)(1)(B) provides that persons sentenced for nondrug severity level 5 crimes "must serve 24 months on postrelease supervision." K.S.A. 2015 Supp. 22-3717(d)(1)(B). Matthews admits that K.S.A. 2015 Supp. 22-3717(d)(1)(G) also applies to persons convicted of sexually violent crimes, and under that subsection the requirement is lifetime postrelease supervision, rather than 24 months. He contends, therefore, that K.S.A. 2015 Supp. 22-3717(d)(1) is ambiguous, and the rule of lenity requires application of the shorter period, not lifetime postrelease supervision.

As Matthews recognizes, this court's decision in *Herrmann* recently held that K.S.A. 2015 Supp. 22-3717(d)(1)(D) only applies to persons convicted of a sexually violent crime committed after July 1, 1993, but before July 1, 2006. 53 Kan. App. 2d at 153-54. He asserts, however, that the *Herrmann* court incorrectly inserted a time limitation that was not in the statute. We disagree.

The plain language of K.S.A. 2015 Supp. 22-3717(d)(1) supports the reasoning in *Herrmann*. By its terms, subsection (d)(1) does not apply to *all* crimes committed after July 1, 1993, but only to those that are *not* off-grid crimes or those committed by "persons subject to subparagraph (G)." Subparagraph (G) specifically applies to Matthews, since he committed his sexually violent offenses after July 1, 2006, and it requires the lifetime postrelease the district court ordered.

4

Matthews also raises arguments regarding legislative intent, but when the language of a statute is plain and unambiguous we do not inquire into legislative intent. *State v. Coman*, 294 Kan. 84, 92, 273 P.3d 701 (2012). Furthermore, the Legislature recently amended K.S.A. 22-3717 to codify the *Herrmann* holding, suggesting that the Legislature intended lifetime postrelease supervision should apply to those in Matthews' situation. L. 2017, ch. 62, § 10.

Other panels of this court have accepted the *Herrmann* interpretation of the statute. See, e.g., *State v. Newton*, No. 116,098, 2017 WL 3113025, at *3 (Kan. App. 2017) (unpublished opinion); *State v. Wol*, No. 115,633, 2017 WL 3000839, at *10 (Kan. App. 2017) (unpublished opinion); *State v. Wilson*, No. 116,381, 2017 WL 2212171, at *4 (Kan. App. 2017) (unpublished opinion); *State v. Kness*, No. 115,480, 2017 WL 1295994, at *2 (Kan. App. 2017) (unpublished opinion); *State v. Combs*, No. 115,683, 2017 WL 1296312, at *6 (Kan. App. 2017) (unpublished opinion). We also agree with the analysis in *Herrmann* and find the district court's sentence was not illegal.

Affirmed.