NOT DESIGNATED FOR PUBLICATION

No. 116,331

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID L. BREWER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Chautauqua District Court; JEFFREY D. GOSSARD, judge. Opinion filed September 8, 2017. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: David Leroy Brewer pled no contest to one count of aggravated burglary and one count of aggravated sexual battery, both severity level 5 person felonies, for offenses committed on March 8, 2016. On May 4, 2016, the district court sentenced Brewer to 64 months' imprisonment with 24 months' postrelease supervision. The State later filed a motion to correct illegal sentence, arguing that Brewer's 24-month postrelease supervision term was illegal because the applicable law requires lifetime postrelease supervision for persons convicted of a sexually violent crime. At a hearing on September 28, 2016, the district court granted the State's motion and modified Brewer's postrelease term to lifetime postrelease supervision.

1

On appeal, Brewer argues that the district court lacked jurisdiction to modify his sentence because his postrelease supervision term of 24 months was legally imposed. Generally, a district court does not have jurisdiction to modify a legal sentence once that sentence is pronounced from the bench. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). The court does, however, retain jurisdiction to modify an illegal sentence and can do so at any time. K.S.A. 22-3504(1). An illegal sentence is one imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision either in the character or term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Herrmann*, 53 Kan. App. 2d 147, 149, 384 P.3d 1019 (2016), *rev. denied* ___ Kan. ___ (July 25, 2017). To the extent that resolution of this issue requires statutory interpretation, we exercise de novo review. 53 Kan. App. 2d at 150.

Brewer points to the 2013 amendments to K.S.A. 22-3717 which provide for varying terms of postrelease supervision based on the severity level of the offense. In its relevant part, the amended statute provides:

> "(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:
>
> . . . .
>
> (B) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 5 and 6 crimes . . . must serve 24 months on postrelease supervision.
>
> . . . .

2

(D) Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717 and amendments thereto . . . shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C) plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2016 Supp. 21-6821, and amendments thereto, on postrelease supervision.

. . . .

(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2016 Supp. 22-3717.

Brewer argues that subsection (d)(1)(D) expressly provides that those sentenced to a term of imprisonment for a sexually violent crime will serve a period of postrelease supervision based on the severity level of the crime. Because Brewer's crime of aggravated sexual battery is a severity level 5 person felony, he asserts that K.S.A. 2016 Supp. 22-3717(d)(1)(B) prescribes a term of 24 months' postrelease supervision. Brewer acknowledges that K.S.A. 2016 Supp. 22-3717 contains a seemingly conflicting provision in subsection (G). However, Brewer contends that because subsection (d)(1)(D) is a more specific provision than subsection (G), the former controls.

This court rejected arguments identical to Brewer's in *Herrmann*. In that case, Herrmann was convicted of attempted aggravated indecent liberties with a child and the district court imposed a term of 24 months' postrelease supervision as part of his sentence. The State filed a motion to correct illegal sentence, arguing that because Herrmann committed a sexually violent offense, the district court was required to sentence him to lifetime postrelease supervision. The district court granted the State's motion and resentenced Herrmann to lifetime postrelease supervision. 53 Kan. App. 2d at 148.

Herrmann appealed, arguing that the 2013 amendments to K.S.A. 22-3717 eliminated the district court's ability to impose lifetime postrelease supervision on those convicted of sexually violent offenses and, instead, sexually violent offenders were to serve a term of postrelease supervision based on the severity and classification of the crime as set out in K.S.A. 2015 Supp. 22-3717(d)(1)(A)-(C). 53 Kan. App. 2d at 148. Herrmann also argued that the conflicting language in subsection (d)(1)(D) and (G) required the district court to impose the shorter sentence in subparagraph (d)(1)(D) per the rule of lenity. The *Herrmann* court rejected these arguments. First, this court held that under the plain language of K.S.A. 2015 Supp. 22-3717(d)(1), a defendant could only be subject to subparagraph (D) or (G), but not both:

"Subsection (d)(1) explains that persons sentenced for crimes committed after July 1, 1993, will not be eligible for parole; instead, they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that mandatory postrelease supervision provided in the subparagraphs that follow *do not apply* to 'persons subject to subparagraph (G).' Subparagraph (G) provides that 'persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life.' Herrmann was convicted of attempted aggravated indecent liberties with a child, which is a sexually violent crime under subsection (d)(5)(C) and (d)(5)(M). His conviction occurred after July 1, 2006. Because Herrmann is subject to subparagraph (G), no other subparagraph following subsection (d)(1) applies to him—including subparagraph (D)." 53 Kan. App. 2d at 152.

Next, this court explained that subsections (D) and (G) do not conflict because "[t]he provisions in each subparagraph apply to a distinct class of persons." 53 Kan. App. 2d at 153. Specifically, this court explained that subparagraph (D) applies to those convicted of a sexually violent crime after July 1, 1993, and before July 1, 2006, while subparagraph (G) applies only to those who committed a sexually violent crime on or after July 1, 2006. 53 Kan. App. 2d at 153. Accordingly, under *Herrmann*, because

4

Brewer committed a sexually violent crime after July 1, 2006, his term of postrelease supervision is controlled by subparagraph (G), and the district court properly modified Brewer's sentence to include a term of lifetime postrelease supervision.

Brewer argues that *Herrmann* was wrongly decided. Specifically, Brewer claims that "there is nothing in K.S.A. [2016 Supp.] 22-3717(d)(1)(D) limiting the application of that subsection only to those offenders sentenced for sexually violent crimes between July 1, 1993 and July 1, 2006." But in making this claim, Brewer ignores the fact that the *Herrmann* court construed K.S.A. 2015 Supp. 22-3717(d)(1) *in pari materia*. Subsection (d)(1) explicitly states that it applies to those who committed crimes on or after July 1, 1993; when read with subsection (D) it means that this provision applies to anyone who committed a sexually violent offense on or after July 1, 1993. Subsection (G), however, explicitly states that it applies to anyone who committed a sexually violent crime on or after July 1, 2006. Reading these two provisions together, it is clear that subsection (d)(1)(D) only applies to a person who committed a sexually violent offense on or after July 1, 1993, but before July 1, 2006.

Moreover, Brewer's proposed interpretation would render subsection (G) completely meaningless as it would mean that subsection (d)(1)(D) applies to anyone who committed a sexually violent offense between July 1, 1993, and the present. If Brewer is correct, then there is no reason for the legislature to have included subsection (G) in the statute. To repeat the well-known maxim, appellate courts must construe statutes to avoid unreasonable results and presume the legislature does not intend to enact meaningless legislation. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014).

Finally, Brewer argues that the Kansas Supreme Court's decision in *State v. Cameron*, 294 Kan. 884, 281 P.3d 143 (2012), supports his position that subsection (d)(1)(D) controls his postrelease term. In *Cameron*, the defendant argued that the rule of lenity mandated that he be subject to postrelease supervision as provided for in K.S.A.

5

2012 Supp. 22-3717(d)(1)(B), rather than K.S.A. 2012 Supp. 22-3717(d)(1)(G), even though he was convicted of a sexually violent offense. Specifically, Cameron asserted that because subsection (d)(1)(B) provided that defendants convicted of severity level 5 or 6 crimes would serve 24 months' postrelease supervision, that subsection controlled because subsection (G) contained the more severe penalty of lifetime postrelease supervision for sexually violent offenders. Our Supreme Court disagreed with Cameron's argument, holding that because K.S.A. 2012 Supp. 22-3717(d)(1)(G) was the more specific provision, it controlled Cameron's postrelease term. 294 Kan. at 900.

Brewer asserts that "[t]he fact that *Cameron* resolved this question utilizing that statutory construction analysis casts significant doubts whether the plain language of the provisions of K.S.A. 2012 Supp. 22-3717(d)(1) can truly be determinative of the issue." Essentially Brewer is claiming that by determining that one provision was the more specific provision, our Supreme Court also meant that both provisions were applicable. A panel of this court recently rejected this same argument, explaining:

> "[W]hile our Supreme Court's analysis in *Cameron* may be instructive as to what cannons of statutory construction should be applied when considering K.S.A. 22-3717(d)(1), the *Cameron* court's analysis cannot speak to the meaning and purpose of the 2013 amendment to K.S.A. 22-3717(d)(1)(D) given that it had not been enacted when *Cameron* was decided in 2012. As thoroughly explained by the *Herrmann* court's legislative history of the 2013 amendment to subparagraph (D), the purpose of enacting subparagraph (D) was to ensure that defendants who committed sexually violent crimes between July 1, 1993, and July 1, 2006, did not receive the benefit of not having earned good time or program credit added to the terms of their postrelease supervision." *State v. Wol*, No. 115,633, 2017 WL 3000839, at *9 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* August 3, 2017.

In addition to the reasoning above, we point out that the propriety of the *Herrmann* court's decision was recently adopted by our legislature when it amended the

6

language of K.S.A. 2016 Supp. 22-3717(d)(1)(D) to reflect the *Herrmann* court's interpretation of the statute. This subsection now reads: "(D) Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime . . . committed on or after July 1, 1993, but prior to July 1, 2006, . . . shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C)." L. 2017, ch. 62, § 10.

Finally, while not dispositive, it is of relevance that numerous other panels of this court have also determined that *Herrmann's* analysis is correct. See, e.g., *Wol*, 2017 WL 3000839, at *10; *State v. Dackin*, No. 115,687, 2017 WL 2403349, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 28, 2017; *State v. Phillips*, No. 115,107, 2017 WL 1822383, at *1-2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 5, 2017; *State v. Brook*, No. 115,657, 2017 WL 1535138, at *3 (Kan. App. 2017) (unpublished opinion) *petition for rev. filed* May 17, 2017; *State v. Combs*, No. 115,638, 2017 WL 1296312, at *4-6 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 8, 2017; *State v. Kness*, No. 115,480, 2017 WL 1295994, at *2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 8, 2017; *State v. Younkman*, No. 115,606, 2017 WL 1035473, at *2-4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 30, 2017; *State v. Kilgore*, No. 115,010, 2017 WL 748597, at *1-2 (Kan. App. 2017) (unpublished opinion), *rev. denied* ___ Kan. ___ (July 25, 2017); *State v. Rose*, No. 115,490, 2017 WL 383877, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* February 27, 2017; *State v. Fishback*, No. 114,797, 2016 WL 7031848, at *1 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* January 3, 2017; *State v. Rothstein*, No. 114,749, 2016 WL 7031921, at *2 (Kan. App. 2016) (unpublished opinion), *rev. denied* ___ Kan. ___ (July 25, 2017); *State v. Ramsey*, No. 114,795, 2016 WL 6925994, at *1-2 (Kan. App. 2016) (unpublished opinion), *rev. denied* ___ Kan. ___ (July 25, 2017); *State v. Hill*, No. 115,041, 2016 WL 6919609, at *1-2 (Kan. App. 2016) (unpublished opinion), *rev. denied* ___ Kan. ___ (July 25, 2017).

To summarize, Brewer's arguments as to why the *Herrmann* court's analysis of the interplay between K.S.A. 2016 Supp. 22-3717(d)(1)(D) and (G) was incorrect fail. Thus, we adopt the *Herrmann* court's analysis and reject Brewer's claim that his original 24 months' postrelease supervision term was a legal sentence thus depriving the district court of the jurisdiction to modify the term to lifetime postrelease supervision. Because Brewer committed a sexually violent crime on March 8, 2016, his original sentence of 24 months' postrelease supervision was illegal, and the district court correctly modified his sentence to lifetime postrelease supervision pursuant to K.S.A. 2016 Supp. 22-3717(d)(1)(G).

Affirmed.