NOT DESIGNATED FOR PUBLICATION

No. 116,592

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT E. COOK,
*Appellant*.


MEMORANDUM OPINION


Appeal from Pratt District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed October 13, 2017. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Clay A. Kuhns*, special prosecutor, of Ashland, *Gaten T. Wood*, special prosecutor, or Medicine Lodge, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., HILL and SCHROEDER, JJ.


PER CURIAM: Robert E. Cook appeals the imposition of lifetime postrelease supervision based on his crime of conviction, aggravated indecent solicitation of a child. We find K.S.A. 2016 Supp. 22-3717(d)(1)(G) controls, and we affirm.


In 2010, Cook pled guilty to one count of aggravated indecent solicitation of a child. He was sentenced to 100 months' imprisonment with 24 months' postrelease supervision. In 2015, he filed a successful motion to correct an illegal sentence and was resentenced to 51 months' imprisonment with 24 months' postrelease supervision. In

December 2015, the district court was notified Cook's conviction required lifetime postrelease supervision and needed to be corrected to reflect a legal sentence. The district court held a hearing and corrected his illegal sentence by resentencing him to a term of lifetime postrelease supervision. Cook timely appealed.

Cook argues the district court erred when it corrected his sentence and imposed lifetime postrelease supervision. He contends he was subject to 24 months' postrelease supervision under K.S.A. 2016 Supp. 22-3717(d)(1)(D). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). A court may correct an illegal sentence at any time. K.S.A. 22-3504(1).

Pursuant to K.S.A. 2016 Supp. 22-3717(d)(1)(G), "persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." Aggravated indecent solicitation of a child is a sexually violent crime. K.S.A. 2016 Supp. 22-3717(d)(5)(G). When K.S.A. 2016 Supp. 22-3717(d)(1)(G) applies, the district court must impose lifetime postrelease supervision. Anything less results in an illegal sentence. See *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009).

Cook argues his term of postrelease supervision should be controlled by K.S.A. 2016 Supp. 22-3717(d)(1)(D) and, therefore, he should have only received 24 months' postrelease supervision. He argues *Ballard* is inapplicable based on the 2013 amendments

to K.S.A. 22-3717(d)(1)(D). He acknowledges his argument was rejected by another panel of this court in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), rev. denied 306 Kan. ___ (July 25, 2017). However, he argues *Herrmann* was wrongly decided and we should not follow it. We decline his invitation.

*Herrmann* held that "the 2013 amendments to K.S.A. 22-3717(d)(1)(D) do not alter the requirement in K.S.A. 22-3717(d)(1)(G) that a person convicted of a sexually violent crime after July 1, 2006, receive lifetime postrelease supervision." 53 Kan. App. 2d at 148. *Herrmann* explained that 22-3717(d)(1)(G) applies to all persons convicted of a sexually violent offense after July 1, 2006. 53 Kan. App. 2d at 154. Here, in 2010, Cook was convicted of a sexually violent offense alleged to have occurred between January 1, 2008, and May 25, 2009. Therefore, K.S.A. 2016 Supp. 22-3717(d)(1)(G) applies. *Herrmann* further explained there are no persons to which both subsections (D) and (G) apply. "[S]ubsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow *do not apply* to 'persons subject to subparagraph (G).'" 53 Kan. App. 2d at 152.

The *Herrmann* court's interpretation of 22-3717 followed our Supreme Court's principles of statutory construction. It focused on the plain language of 22-3717 and reconciled the statute as a whole to avoid redundant or meaningless language. 53 Kan. App. 2d at 150-54.

The reasoning in *Herrmann* is sound and persuasive. Cook's prior sentence for 24 months' postrelease supervision did not conform to K.S.A. 2016 Supp. 22-3717(d)(1)(G); thus, it was an illegal sentence which the district court could correct at any time. The district court did not err when it resentenced Cook and ordered lifetime postrelease supervision.

Affirmed.