NOT DESIGNATED FOR PUBLICATION

No. 117,744

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES E. DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Chautauqua District Court; JEFFREY D. GOSSARD, judge. Opinion filed April 13, 2018. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., PIERRON and POWELL, JJ.

PER CURIAM: James E. Davis was convicted of two counts of sexual exploitation of a child and one count of sexual battery. The district court originally sentenced him to 24 months' postrelease supervision but later filed an amended journal entry ordering lifetime postrelease supervision. Davis appeals, arguing his original term of postrelease supervision was legal and, therefore, the court did not have jurisdiction to amend it. We disagree and affirm.

On February 22, 2017, Davis pled guilty to two counts of sexual exploitation of a child, a severity level 5 person felony, and no contest to one count of sexual battery, a

class A person misdemeanor. All three crimes were committed on November 11, 2016. The district court originally sentenced Davis to a total of 89 months' incarceration followed by a 24-month term of postrelease supervision. An amended journal entry was later filed imposing lifetime postrelease supervision for the two counts of sexual exploitation of a child. Davis appeals.

On appeal, Davis argues that his original 24-month term of postrelease supervision was legal, so the district court did not have jurisdiction to amend the journal entry to impose lifetime postrelease supervision. Generally, a district court does not have jurisdiction to modify a legal sentence once it is pronounced. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). Nevertheless, a court can correct an illegal sentence at any time. K.S.A. 22-3504(1); *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016).

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which this court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). To the extent this issue requires statutory interpretation, this court's review is also unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

K.S.A. 22-3717 governs postrelease supervision. In 2013, the legislature amended K.S.A. 22-3717 to add subsection (d)(1)(D), which provides varying lengths of postrelease supervision for offenders convicted of sexually violent offenses. L. 2013, ch. 133, § 13. K.S.A. 2016 Supp. 22-3717(d)(1) reads, in relevant part:

> "(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:
>
> . . . .

(B) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 5 and 6 crimes . . . must serve 24 months on postrelease supervision.

. . . .

(D) Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717, and amendments thereto, . . . shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C) plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2015 Supp. 21-6821, and amendments thereto, on postrelease supervision.

. . . .

(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life."

Davis contends both subsections (d)(1)(D) and (d)(1)(G) apply to persons convicted of sexually violent offenses, so the statute is ambiguous. He argues the rules of lenity required the district court to impose the lesser of the two possible sentences. Davis was convicted of a severity level 5 person felony, so he contends his original sentence of 24 months' postrelease supervision was legal under subsections (d)(1)(B) and (d)(1)(D).

As Davis acknowledges, this court has already addressed the purported conflict between K.S.A. 2016 Supp. 22-3717(d)(1)(D) and (d)(1)(G) in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *rev. denied* 306 Kan. 1324 (2017). The *Herrmann* court held that subsection (d)(1)(D) only applied to persons convicted of sexually violent offenses between July 1, 1993, and July 1, 2006:

"Subsection (d)(1) explains that persons sentenced for crimes committed after July 1, 1993, will not be eligible for parole; instead, they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that the mandatory postrelease supervision

3

provided in the subparagraphs that follow do not apply to 'persons subject to subparagraph (G).' . . .

"... Reading subparagraph (D) in pari materia, it falls under subsection (d)(1) and so applies to all persons but those expressly excluded: persons sentenced for off-grid crimes committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G). Therefore, subparagraph (D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. Thus, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply. Construing the statute as a whole and giving effect to all of the statutes, as this court must, there is no conflict or ambiguity in amended subsection (d)(1)." 53 Kan. App. 2d at 152-53.

Numerous other panels of this court have agreed with *Herrmann*'s analysis. See, e.g., *State v. Kirk*, No. 116,609, 2017 WL 5016019, at *2-4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* December 4, 2017; *State v. Stagner*, No. 116,869, 2017 WL 4848359, at *2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* November 27, 2017; *State v. Cook*, No. 116,592, 2017 WL 4558496, at *2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* November 13, 2017; *State v. Munoz*, No. 115,590, 2017 WL 4081374, at *12-13 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* October 13, 2017; *State v. Brewer*, No. 116,331, 2017 WL 3947342, at *2-4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* October 3, 2017.

Nevertheless, Davis argues *Herrmann* was wrongly decided. He relies on *State v. Cameron*, 294 Kan. 884, 281 P.3d 143 (2012). In *Cameron*, a case decided prior to the 2013 legislative amendment, Cameron argued that under the rule of lenity the district court should have sentenced him to 24 months' postrelease supervision under subsection (d)(1)(B) rather than lifetime postrelease supervision under (d)(1)(G). The Kansas Supreme Court rejected Camron's argument, holding:

"[W]hen we consider the provisions of K.S.A. 22-3717(d)(1) *in pari materia* with a view of reconciling and bringing the provisions into workable harmony there is no reasonable doubt that the legislature intended the more specific and more severe provision of (d)(1)(G) to apply to a sentence imposed for a conviction of a sexually violent offense rather than the more general provision of (d)(1)(B) that Cameron seeks to apply. This means that an offender convicted of a 'sexually violent crime' committed after July 1, 2006, must be sentenced to receive lifetime postrelease supervision upon release from prison." 294 Kan. at 900.

Davis contends *Herrmann* conflicts with *Cameron*. He claims the *Cameron* court used a "rule of lenity analysis" which "casts significant doubt as to whether the provisions of K.S.A. 22-3717(d)(1) and the interplay of the differing terms of postrelease supervision can be determined through a plain language analysis." Davis asserts that by finding that the more specific provision applies, the *Cameron* court implicitly found that both subsections could be applicable.

The court in *State v. Wol*, No. 115,633, 2017 WL 3000839 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* August 3, 2017, rejected this argument, explaining:

"[W]hile our Supreme Court's analysis in *Cameron* may be instructive as to what canons of statutory construction should be applied when considering K.S.A. 22-3717(d)(1), the *Cameron* court's analysis cannot speak to the meaning and purpose of the 2013 amendment to K.S.A. 22-3717(d)(1)(D) given that it had not been enacted when *Cameron* was decided in 2012. As thoroughly explained by the *Herrmann* court's legislative history of the 2013 amendment to subparagraph (D), the purpose of enacting subparagraph (D) was to ensure that defendants who committed sexually violent crimes between July 1, 1993, and July 1, 2006, did not receive the benefit of not having earned good time or program credit added to the terms of their postrelease supervision." 2017 WL 3000839, at *9.

See also *State v. Wilson*, No. 116,381, 2017 WL 2212171, at \*3 (Kan. App. 2017) (unpublished opinion) (rejecting similar argument based on *Cameron*), *rev. denied* 306 Kan. 1331 (2017).

Finally, it is worth noting that the Legislature has expressed approval of the *Herrmann* decision by amending the language of K.S.A. 2016 Supp. 22-3717(d)(1)(D) to reflect the *Herrmann* court's interpretation of the statute. This subsection now reads: "(D) Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime . . . committed *on or after July 1, 1993, but prior to July 1, 2006*, . . . shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C)." L. 2017, ch. 62, § 10(d)(1)(D). The amendment, which became effective July 1, 2017, clarifies that subsection (d)(1)(D) only applies to crimes committed between July 1, 1993 and July 1, 2006. K.S.A. 2017 Supp. 22-3717(d)(1)(D).

We find the reasoning of *Herrmann* persuasive. Davis was convicted of two sexually violent offenses after July 1, 2006. As such, K.S.A. 2016 Supp. 22-3717(d)(1)(G) required the district court to sentence him to lifetime postrelease supervision. Davis' original term of 24 months' postrelease supervision was illegal, and the court had jurisdiction to amend the journal entry to reflect the appropriate length of postrelease supervision. We affirm.

Affirmed.